ANDREW S. WONG (SBN 198227)
Email: andrew.wong@dechert.com
NICOLE CHÉRIE DELGADO (SBN 307848)
Email: nicole.delgado@dechert.com
DECHERT LLP
US Bank Tower
633 West 5th Street
Suite 4900
Los Angeles, CA  90071-2032
Telephone:   +1 213 808 5700
Facsimile:    +1 213 808 5760

Attorneys for Defendant
RAC Acceptance East, LLC, *erroneously sued as*
Acceptance Now, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON MCBURNIE, APRIL SPRUELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACCEPTANCE NOW, LLC, a Delaware limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  3:21-CV-1429<br><br>(Alameda County Superior Court Case No. RG20083808)<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Complaint Filed:  December 11, 2020 |

PLEASE TAKE NOTICE that Defendant RAC Acceptance East, LLC, *erroneously sued as* Acceptance Now, LLC, ("Defendant") hereby removes the above-captioned action, pursuant to 28 U.S.C. §§ 1332(d) and 1446, from the Superior Court of California, County of Alameda to the United States District Court for the Northern District of California, and respectfully states:

## I.   STATEMENT OF JURISDICTION

1. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests district courts with original jurisdiction over civil actions in which: (1) the putative class consists of at least 100 members; (2) any class member is a citizen of a different state than any defendant; and (3) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of the statutory requirements to establish CAFA jurisdiction, and Defendant has properly removed this action by the filing of this Notice.

## II.   BACKGROUND

2. On December 11, 2020, Plaintiffs Shannon McBurnie and April Spruell (collectively, "Plaintiffs") filed a Class Action Complaint ("Complaint") against Defendant and various Doe defendants in the Superior Court of California, County of Alameda, entitled *McBurnie v. Acceptance Now, LLC*, Case No. RG20083808. The Complaint asserts three causes of action for: (1) violation of the Karnette Rental-Purchase Act (the "Karnette Act") [Cal. Civ. Code § 1812.620, *et seq.*]; (2) violation of the California Consumers Legal Remedies Act ("CLRA") [Cal. Civ. Code § 1750, *et seq.*]; and (3) violation of the Unfair Competition Law ("UCL") [Cal. Bus. & Prof. Code § 17200, *et seq.*]. *See* Compl. ¶¶ 39-55. In particular, Plaintiffs assert that they (and Defendant's other California customers) entered into a Rental-Purchase Agreement ("RPA") with Defendant, which they allege unlawfully required them to pay a one-time $45.00 Processing Fee and "$1.99 fee for any payment made by telephone" (referred to in the Complaint as an "Expedited Payment Fee") in violation of the Karnette Act and, in turn, the CLRA and UCL. *Id.* ¶¶ 3-4, 39-55.

1     3. As to Plaintiffs' first cause of action for alleged violations of the Karnette Act, the

2    Complaint requests the following relief:

> [A]ctual damages; twenty-five percent of an amount equal to the total amount of payments required to obtain ownership if all payments were made under the RPA, but not less than $100 nor more than $1,000 for each such RPA; reasonable attorney's fees and costs; exemplary damages in an amount the Court deems proper; a public injunction enjoining Defendants from committing further violations of the Karnette Act with respect to RPAs entered into in the State of California; and restitution and other equitable relief as the Court deems proper.

7    *Id.* ¶ 43, Prayer for Relief.

8     4. The Complaint similarly seeks injunctive relief and attorneys' fees and costs for

9    Defendant's alleged violations of the CLRA and UCL, *id.* ¶¶ 50, 55, Prayer for Relief, as well as

10    "restitution and other equitable relief as the Court deems proper" for Defendant's alleged

11    violations of the UCL, *id.* Prayer for Relief ¶ 5.

12     5. On January 29, 2021, Plaintiffs served Defendant with the following documents

13    in connection with the above-referenced action: (1) Civil Case Cover Sheet and Addendum

14    thereto; (2) Summons and Complaint; (3) Declaration of Zachariah P. Dostart Pursuant to

15    California Civil Code Section 1780(d); and (4) Notice of Hearing, dated January 6, 2021.[1] True

16    and correct copies of these documents, including exhibits, are attached hereto as **Exhibit A**.

17     6. On February 9, 2021, Judge Winifred Y. Smith issued an Order designating the

18    case as Complex. Attached hereto as **Exhibit B** is a true and correct copy of the February 9,

19    2021 Order.

20     7. On February 26, 2021, Defendant filed Defendant Acceptance Now, LLC's

21    Answer to Plaintiffs' Class Action Complaint in the state court proceedings. Attached hereto as

22    **Exhibit C** is a true and correct copy of Defendant's Answer.

23     8. Pursuant to 28 U.S.C. § 1446(a), the attached Exhibits A, B, and C constitute all

24    process, pleadings, and orders served upon or by Defendant in this action.

---

[1] Defendant was also served with an Alternative Dispute Resolution (ADR) Information Packet.

### III. TIMLINESS OF REMOVAL

9. This Notice of Removal is timely filed within thirty (30) days of Plaintiffs' service of the Summons and Complaint upon Defendant on January 29, 2021. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).

### IV. BASIS FOR REMOVAL – CAFA JURISDICTION

10. Plaintiffs' claims are removable because CAFA provides this Court with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the putative class consists of at least 100 members; and (3) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). This includes any class action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure," such as California Code of Civil Procedure section 382. 28 U.S.C. § 1332(d)(1)(B).

11. Because CAFA was enacted to facilitate federal courts' adjudication of certain class actions, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

12. As set forth below, each of the three requirements for CAFA jurisdiction is satisfied and removal is proper.

**A.   Minimal Diversity Is Satisfied**

13. Although diversity removal ordinarily requires complete diversity between plaintiffs and defendants, removal of a class action under CAFA requires only "minimal diversity" — *i.e.*, at least one member of a class of plaintiffs must be diverse from one defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

14. Here, both Plaintiffs are admitted residents of California. Compl. ¶¶ 5-6. They also allege that they seek to represent a putative class of other California residents. *See id.* ¶ 4.

15. Defendant is incorporated in Delaware, while Defendant and its constituent members are all based in Plano, Texas. *See* Compl. ¶ 7 ("Acceptance Now, LLC is a Delaware

limited liability company. . . ."); **Exhibit D** (Application to Register a Foreign LLC, filed with the California Secretary of State on March 13, 2020); *accord* Compl. Exs. 3 at 1, 6 (indicating Defendant's Legal Department is located in Texas); 4 at 11 (same). Thus, for diversity purposes under CAFA, Defendant is a citizen of Texas. *See Hertz Corp. v. Friend*, 559 U.S. 77, 91-95 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarter.").

16. Accordingly, minimal diversity of citizenship exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.   The Alleged Class Consists of at Least 100 Members**

17. Plaintiffs purport to bring this action on behalf of themselves and essentially every single person who entered into an RPA with Defendant in California.[2] Compl. ¶ 32. More importantly, however, Plaintiffs expressly allege that "the Class consists of at least 100 members." *Id.* ¶ 35.

18. Thus, by their own admission, the putative class that Plaintiffs purport to represent consists of at least 100 individuals.

**C.   The Amount in Controversy Exceeds $5 Million**

19. CAFA further requires that, for a district court to exercise jurisdiction, the matter in controversy must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). When determining the amount in controversy, "the claims of the class members shall be aggregated." 28 U.S.C. § 1332(d)(6). As the Ninth Circuit Court of Appeals has explained: "the amount in controversy is the 'amount *at stake* in the underlying litigation.'

---

[2] The Complaint defines the alleged class to include: "All individuals who, during the applicable limitations period, entered into a rental-purchase agreement with Acceptance Now, LLC in the State of California and were charged a processing fee and/or an expedited payment fee, limited to those individuals who, in connection with such rental-purchase agreement, either (a) did not enter into a Consumer Arbitration Agreement or (b) entered into a Consumer Arbitration Agreement substantially in the form of Exhibit 3 hereto." Compl. ¶ 32. Meanwhile, the Complaint also alleges that all of Defendant's RPAs with customers in California contained the same fee terms and arbitration agreement. *Id.* ¶¶ 19, 26.

[citation]  'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability." *Greene*, 965 F.3d at 772 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).

20. Where, as here, the Complaint is silent as to the amount in controversy, CAFA provides that the defendant's notice of removal may do so. *Dart Cherokee*, 574 U.S. at 87; *Greene*, 965 F.3d at 771. To that end, a defendant's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the *jurisdictional* threshold" – the notice need not contain evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87; *see also Greene*, 965 F.3d at 772; *accord* 28 U.S.C. § 1446(a). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

21. Although Defendant denies Plaintiffs' allegations and denies that Plaintiffs or the class they purport to represent are entitled to the relief requested, the Complaint's allegations, theories, and prayer for relief place in controversy an amount in excess of the $5 million removal threshold set by CAFA.[3]

22. As noted above, Plaintiffs allege that the putative class is essentially every single person who entered into an RPA with Defendant in California "during the applicable limitations period." *See* Compl. ¶¶ 19, 26, 32. However, by asserting a restitutionary claim in connection with their UCL claim, Plaintiffs not only seek to extend their statute of limitations period to four years, *see* Cal. Bus. & Prof. Code § 17208, but they also seek disgorgement of any profits Defendant allegedly gained from its allegedly improper RPAs, *see People ex rel. Kennedy v. Beaumont Inv., Ltd.*, 111 Cal. App. 4th 102, 134-35 (2003) ("In a suit for violation of the unfair competition law, 'orders for restitution' are those 'compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property

---

[3] Although the amount in controversy based on the allegations in the Complaint exceeds $5 million, Defendant reserves its right to challenge the actual amount of damages, if any, in subsequent proceedings and at trial. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015).

was taken.'") (citing Cal. Bus. & Prof. Code § 17203 ("The court may make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property . . . acquired by means of such unfair competition.")).

23. Plaintiff McBurnie alleges that she was required to pay a $45.00 Processing Fee as a condition of her RPA with Defendant attached to the Complaint as Exhibit 1.  Compl. ¶¶ 18, 20.  Plaintiff McBurnie's RPA indicates an Initial Rental Payment of $100.28 and Total Payments of $1,354.92.  *Id.* Ex. 1 at 1.  Thus, Plaintiff McBurnie alone alleges that she is entitled to over **$484** ($45.00 [actual damages/Processing Fee] + $338.73 [25% of total payments] + $100.28 [restitution/disgorgement]).

24. Plaintiff Spruell alleges that she was also required to pay a $45.00 Processing Fee with respect to her RPA attached as Exhibit 2 to the Complaint, as well as "several payments" of the $1.99 Expedited Payment Fee.  Compl. ¶ 22.  Plaintiff Spruell's RPA indicates an Initial Rental Payment of $196.76 and Total Payments of $6,602.69.  *Id.* Ex. 2 at 1.  Thus, Plaintiff Spruell alleges that she is entitled to over **$1,247** ($45.00 [actual damages/Processing Fee] + $5.97 [actual damages/assuming three Expedited Payment Fees] + $1,000.00 [25% of total payments, reduced to statutory limit of $1,000.00) + $196.76 [restitution/disgorgement]).

25. The Complaint alleges that Defendant "partners with more than 1,000 retail store locations throughout the country, including California, to enable those stores to sell furniture, appliances, and other household goods to consumers on a rent-to-own basis," Compl. ¶ 2, and that "all of the other terms of [Plaintiffs'] RPA[s] *including the imposition of the fees at issue in this litigation* are boilerplate terms that Acceptance Now includes in all of its RPAs with California consumers," Compl. ¶ 19.  The Complaint clearly alleges an amount in controversy in excess of $5 million.

26. Partnering with approximately 67 such retailers in California, Defendant has entered into thousands of RPAs in the last year.[4]  Even taking the average between Plaintiff McBurnie's and Plaintiff Spruell's damages claims ($865) and extrapolating it to an

---

[4] In fact, if Defendant entered into 100 RPAs last year in each of its approximately 67 retail locations in California, Defendant would have entered into 6,700 RPAs.

1  conservative estimate of 6,000 RPAs entered in California during this last year, brings the
2  amount in controversy to **$5,190,000 million**, which is over the CAFA threshold.

3    27.   Critically, the foregoing estimation does not even include Plaintiffs' claim for
4  attorneys' fees, which must also be considered in determining whether the jurisdictional limit
5  is met.  *See Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007)
6  ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory
7  or discretionary language, such fees may be included in the amount in controversy.") (citing
8  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where
9  an underlying statute authorizes an award of attorneys' fees, either with mandatory or
10 discretionary language, such fees may be included in the amount in controversy.")).  Moreover,
11 "it is well established that 'the Ninth Circuit has established 25% of the common fund as a
12 benchmark award for attorney fees.'"  *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500,
13 2012 U.S. Dist. LEXIS 27215, at *20-21 (N.D. Cal. Mar. 1, 2012) (collecting cases).

14   28.   The Complaint also seeks injunctive relief and punitive damages, Compl. ¶¶ 43,
15 50, 55, Prayer for Relief ¶ 4, 5, 6, 8, which are both amounts properly considered when
16 determining the amount in controversy for purposes of removal, *see Chavez v. JP Morgan Chase
17 & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include 'damages
18 (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as
19 attorneys' fees awarded under fee shifting statutes.'") (quoting *Gonzales v. CarMax Auto
20 Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)); *Davenport v. Mut. Benefit Health and
21 Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) ("[P]unitive damages may be included in
22 computing the amount necessary for federal jurisdiction."); *Brady v. Mercedes-Benz USA, Inc.*,
23 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("The amount in controversy for diversity
24 jurisdiction may include punitive damages if recoverable under state law.").  Although
25 California law does not provide any specific monetary limit on the amount of punitive damages
26 that may be awarded, *see* Cal. Civ. Code § 3294, a punitive damages award may equal as much
27 as four times the amount of the actual damages award, *State Farm Mut. Auto Ins. Co. v.*
28

1  *Campbell*, 538 U.S. 408, 425 (2003) (adopted in *Simon v. San Paolo U.S. Holding Co., Inc.*, 35
2  Cal. 4th 1159 (2005)).

3      29.    Based on the above, Defendant easily sets forth a "plausible allegation" showing
4  "that it is reasonably possible that the potential liability exceeds $5 million." *See Dart*
5  *Cherokee*, 574 U.S. at 87; *Greene*, 965 F.3d at 772.

### V.    VENUE

30.    Venue is proper in this Court because the Complaint was filed in the Superior Court of California, County of Alameda, which is within the Northern District of California. *See* 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).[5] Pursuant to Northern District Local Rule 3-2(d), the appropriate assignment of this action is to either the San Francisco Division or Oakland Division of this Court.

### VI.    NOTICE OF REMOVAL

31.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel of record for Plaintiffs. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Alameda.

### VII.    CONCLUSION

32.    For the forgoing reasons, Defendant hereby removes this civil action from the Superior Court of California, County of Alameda to the United States District Court for the Northern District of California.

---

[5] Although venue is proper in this District pursuant to 28 U.S.C. § 1446(a), Defendant does not waive, and hereby reserves, its right to raise or assert any objections and/or affirmative defenses on grounds of improper venue. If necessary, Defendant will assert such objections and/or defenses, if any, at the appropriate time in a subsequent motion or pleading.

| | | |
|---|---|---|
| Dated: | February 26, 2021 | Dechert LLP<br>Andrew S. Wong<br>Nicole Chérie Delgado |

By: */s/ Andrew S. Wong*
    Andrew S. Wong

Attorneys for Defendant RAC Acceptance East, LLC, *erroneously sued as* Acceptance Now, LLC