# EXHIBIT A

**COPY**

CM-010

FILE BY FAX

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
James T. Hannink (131747); Zach P. Dostart (255071)
DOSTART HANNINK & COVENEY LLP
4180 La Jolla Village Drive, Suite 530, La Jolla, CA 92037

TELEPHONE NO.: (858) 623-4200    FAX NO. *(Optional)*: (858) 623-4299
ATTORNEY FOR *(Name)*: Plaintiffs Shannon McBurnie and April Spruell

FOR COURT USE ONLY

**ENDORSED
FILED
ALAMEDA COUNTY**

DEC 11 2020

CLERK OF THE SUPERIOR COURT
By _____ Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

**CASE NAME:**
McBurnie, et al. v. Acceptance Now, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG20083808 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

DEC 11 RECD

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
  b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 1) Violation of the Karnette Act; 2) Violation of CLRA; and 3) Unfair Competition
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 11, 2020

Zach P. Dostart
(TYPE OR PRINT NAME)    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

F. ADDENDUM TO CIVIL CASE COVER SHEET                    *Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: McBurnie, et al. v. Acceptance Now, LLC | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X]  Oakland, Rene C. Davidson Alameda County Courthouse  (446)

[  ]  Hayward Hall of Justice  (447)

[  ]  Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [X] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs  **[ ] Yes    [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

 **COPY**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

DEC 11 2020

CLERK OF THE SUPERIOR COURT
By _____
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACCEPTANCE NOW, LLC, a Delaware limited liability company;
and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHANNON MCBURNIE and APRIL SPRUELL, individually and on behalf
of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | Alameda County Superior Court<br>1225 Fallon Street<br>Oakland, CA 94612 |
| | CASE NUMBER: *(Número del Caso):*<br>**RG20083808** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Zach P. Dostart; James T. Hannink;
DOSTART HANNINK & COVENEY LLP; 4180 La Jolla Village Dr., Ste. 530, La Jolla, CA 92037; (858) 623-4200

| DATE:<br>*(Fecha)* | DEC 11 2020 | Clerk, by<br>*(Secretario)* | CROGERS | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Acceptance Now, LLC, a Delaware limited liability company

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
            ☒ other *(specify):* a limited liability company
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

 **COPY**

ENDORSED
FILED
ALAMEDA COUNTY

DEC 11 2020

CLERK OF THE SUPERIOR COURT
By _____
                      Deputy

**FILE BY FAX**

1  JAMES T. HANNINK (131747)
   jhannink@sdlaw.com
2  ZACH P. DOSTART (255071)
   zdostart@sdlaw.com
3  DOSTART HANNINK & COVENEY LLP
   4180 La Jolla Village Drive, Suite 530
4  La Jolla, California 92037-1474
   Tel: (858) 623-4200
5  Fax: (858) 623-4299

6  MICHAEL RUBIN (80618)
   mrubin@altber.com
7  CONNIE K. CHAN (284230)
   cchan@altber.com
8  ALTSHULER BERZON LLP
   177 Post Street, Suite 300
9  San Francisco, CA 94108
   Tel: (415) 421-7151
10 Fax: (415) 362-8064

11 Attorneys for Plaintiffs

12

13        SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                   COUNTY OF ALAMEDA

15

16 SHANNON McBURNIE,
   APRIL SPRUELL,
17 individually and on behalf of all others
   similarly situated,
18
19            Plaintiffs,
20 vs.
21 ACCEPTANCE NOW, LLC,
22 a Delaware limited liability company;
   and DOES 1-50, inclusive,
23
24            Defendants.
25
26
27
28

CASE NO. **RG20083808**

CLASS ACTION

COMPLAINT FOR:

1) VIOLATION OF THE KARNETTE
   RENTAL-PURCHASE ACT
   [Cal. Civ. Code, § 1812.620 et seq.]

2) VIOLATION OF THE CALIFORNIA
   CONSUMERS LEGAL REMEDIES ACT
   [Cal. Civ. Code, § 1750 et seq.]

3) UNFAIR COMPETITION
   [Cal. Bus. & Prof. Code, § 17200 et seq.]

DEMAND FOR JURY TRIAL

CLASS ACTION COMPLAINT

# INTRODUCTION

1. For more than 25 years, California's Karnette Rental-Purchase Act, Cal. Civ. Code, §§ 1812.620 et seq. (the "Karnette Act"), has prohibited price-gouging by companies like Defendant Acceptance Now, LLC ("Acceptance Now") that lease or sell household goods on a rent-to-own basis to low-income and other consumers in California, including Plaintiffs Shannon McBurnie and April Spruell ("Plaintiffs"). To prevent rent-to-own companies from exploiting economically vulnerable California consumers who may only be able to purchase new furniture, appliances, electronics, or other household goods by paying over time, the Karnette Act prohibits such companies from, *inter alia*, charging any "fees" to their customers on top of the agreed-upon monthly rental payments (which the Karnette Act separately caps) if those fees are not both "reasonable" and "actually incurred" by the rent-to-own company. (Civ. Code, § 1812.624(a)(7).)

2. Acceptance Now partners with more than 1,000 retail store locations throughout the country, including California, to enable those stores to sell furniture, appliances, and other household goods to consumers on a rent-to-own basis. *See* http://www.acceptancenow.com/RAC-Acceptance-Home.html (last visited December 10, 2020). If a customer of one of Acceptance Now's affiliated retail store partners wishes to pay over time for a consumer goods product from that store, the store's agreement with Acceptance Now allows Acceptance Now to obtain ownership of that product and to enter into a Rental Purchase Agreement ("RPA") with the customer that allows the customer full use of the product for as long as the customer pays the agreed-upon periodic lease payments, with title to that product transferring to the customer once all required payments have been made.

3. Plaintiffs Shannon McBurnie and April Spruell are customers of Acceptance Now, who entered into RPAs with Acceptance Now for items of household furniture offered by a retail home furnishings store in Alameda County affiliated with Acceptance Now. Plaintiffs' RPAs required them to pay fees to Acceptance Now, in addition to their periodic lease payments, that were neither "reasonable" nor "actually incurred" by Acceptance Now, including a $45 Processing Fee and a $1.99 fee for any payment made by telephone.

1

4.    Acceptance Now's imposition of such fees on Plaintiffs and its other California customers violates the Karnette Act as well as California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"). Plaintiffs McBurnie and Spruell therefore bring this California consumer class action, on their own behalf and on behalf of all similarly situated customers of Acceptance Now in California, to obtain injunctive relief, statutory damages, penalties, and such other relief as may be available, to remedy Acceptance Now's statutory violations as set forth herein.

## PARTIES

5.    Plaintiff Shannon McBurnie ("McBurnie") is an individual residing in Berkeley, California, who entered into an RPA with Acceptance Now in March 2020.

6.    Plaintiff April Spruell ("Spruell") is an individual residing in Oakland, California who entered into an RPA with Acceptance Now in January 2017.

7.    Acceptance Now, LLC is a Delaware limited liability company that does business in the State of California.

8.    Plaintiffs do not know the names of the defendants sued as DOES 1 through 50 but will amend this Complaint when that information becomes known. Plaintiffs allege on information and belief that each of the DOE defendants is affiliated with the named defendant in some respect and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant or as the principal, agent, successor, alter ego, or co-conspirator of another defendant. For ease of reference, Plaintiffs will refer to the named defendant and the DOE defendants collectively as "Defendants."

9.    Venue is proper in this Court because Plaintiffs reside in Alameda County and because the RPAs between Acceptance Now and Plaintiffs were each signed in Alameda County.

## BACKGROUND REGARDING RENTAL-PURCHASE TRANSACTIONS AND THE KARNETTE ACT

10.    In a traditional retail sale, title to personal property is conveyed from the merchant to the consumer at the point of sale when payment is made. As an alternative to a traditional retail sale, California law allows merchants to rent or lease personal property to consumers, including with an

CLASS ACTION COMPLAINT

option to buy. California regulates the permissible terms of RPAs between rent-to-own companies like Acceptance Now and their California customers through the Karnette Act, Civ. Code, §§ 1812.620 et seq., as amended, and other California consumer laws. (Unless otherwise indicated, statutory citations in this Complaint are to the Civil Code.)

11. In a "rental-purchase agreement" regulated by the Karnette Act, the merchant or other person or entity holding title to the item of personal property at issue (referred to as the "lessor," § 1812.622(c)) retains ownership of that personal property while the consumer takes possession and agrees to make periodic lease payments over time, usually on a weekly, bi-weekly, or monthly schedule. The consumer can eventually acquire ownership of the personal property by making an agreed-upon number of lease payments. The Karnette Act refers to those payments, in the aggregate, as the "total of payments." (§ 1812.622(l).)

12. Studies show that the customer base for rent-to-own companies like Acceptance Now consists primarily of low-income and financially-distressed consumers, a disproportionate number of whom are persons of color.[1] For low-income consumers, RPAs offer immediate access to merchandise for what *appears* to be a low periodic payment, even though, in fact, such transactions can be extremely costly. The Federal Trade Commission has cited studies showing that the total cost of purchasing through a rent-to-own transaction is commonly two or three times the retail price of comparable goods.

13. One of the California Legislature's principal stated objectives in enacting the Karnette Act was to "prohibit unfair contract terms, including unreasonable charges" from being imposed on rent-to-own companies' customers. (§ 1812.621.) To that end, the Karnette Act strictly limits the extent to which a lessor can charge fees in connection with rental-purchase agreements.

---

[1] *See* Testimony of Margot Saunders, Before a Hearing of the U.S. House of Representatives Financial Services Committee, 26 July 2011, entitled "Examining Rental Purchase Agreements and the Potential Role for Federal Regulation" *available at* https://www.govinfo.gov/content/pkg/CHRG-112hhrg67944/html/CHRG-112hhrg67944.htm (last visited December 10, 2020). According to the Federal Trade Commission's Survey of Rent-to-Own Customers, published in April 2000, 59% of rent-to-own customers had a household income of less than $25,000, and 41% were members of a minority community.

CLASS ACTION COMPLAINT

14.  The Karnette Act defines the term "fee" as "any payment, charge, fee, cost, or expense, however denominated, other than a rental payment." (§ 1812.622(g).)

15.  The Karnette Act prohibits some categories of fees altogether, such as any fee imposed in connection with the pickup of rental property or the termination of an RPA. (§ 1812.624(a)(6).) The Karnette Act allows some other categories of fees only in specific circumstances and subject to a statutory cap, such as late payment fees. (§ 1812.626.)

16.  Even if a particular category of fee is otherwise permitted by the Karnette Act, such fee is nevertheless subject to a general limitation that the fee must be both "reasonable" *and* "actually incurred by the lessor." (§ 1812.624(a)(7).) The Karnette Act provides that "[t]he *lessor* has the burden of proof to establish that a fee was reasonable and was an actual cost incurred by the lessor." (*Ibid.*, emphasis added.)

## PLAINTIFFS' RENTAL-PURCHASE TRANSACTIONS

### Shannon McBurnie

17. On March 9, 2020, plaintiff McBurnie went to the Ashley Furniture Homestore ("Ashley") located at 3839 Emery Street, Emeryville, California, to shop for household furniture. Ashley is a retail store chain with which Acceptance Now has an established business relationship. (*See*  http://www.acceptancenow.com/RAC-Acceptance-Home.html  (last visited December 10, 2020).)

18.  McBurnie expressed interest in a leather chair and a rug that the Ashley store offered for sale. Following a conversation with the sales agent, McBurnie entered into an RPA with Acceptance Now that enabled him to pay for those items over time. A true and correct copy of McBurnie's RPA with Acceptance Now is attached hereto as Exhibit 1 (with personal information redacted).

19.  On information and belief, except for the transaction-specific information on Acceptance Now's RPA with McBurnie (e.g., McBurnie's contact information and the description and pricing of the personal property covered by the RPA), all of the other terms of that RPA *including the imposition of the fees at issue in this litigation* are boilerplate terms that Acceptance Now includes in all of its RPAs with California consumers.

4

20.  As a condition of entering into the RPA, Acceptance Now required McBurnie to pay, and McBurnie did pay to Acceptance Now, a "Processing Fee" of $45.00.

**April Spruell**

21.  On January 18, 2017, plaintiff Spruell went to the Ashley store located at 3839 Emery Street, Emeryville, California, to shop for household furniture.

22.  After considering the store's available inventory, Spruell expressed interest in obtaining bedroom furniture and a mattress. Following a conversation with the sales agent, Spruell agreed to complete the transaction by entering into an RPA with Acceptance Now. A true and correct copy of the RPA between Acceptance Now and Spruell is attached hereto as Exhibit 2 (with personal information redacted).

23.  As a condition of entering into the RPA, Acceptance Now required Spruell to pay, and Spruell did pay to Acceptance Now, a "Processing Fee" of $45.00.

24.  Acceptance Now's RPA with Spruell included the same boilerplate language as its RPA with McBurnie and, on information and belief, as its RPAs with other California customers of Acceptance Now, including the provisions charging a $45.00 "Processing Fee" and $1.99 for each payment by telephone.

25.  Acceptance Now's RPA with Spruell, like its RPAs with other California consumers, required Spruell to make lease payments on a periodic basis, either in person at an Acceptance Now location, or online, or by telephone. As a condition of entering into the RPA, Acceptance Now required Spruell to pay, and Spruell did pay to Acceptance Now, an "Expedited Payment Fee" of $1.99 every time Spruell made a payment by telephone to Acceptance Now. Spruell made several payments to Acceptance Now by telephone and was charged, and paid, a $1.99 fee each time.

**ACCEPTANCE NOW'S ARBITRATION AGREEMENT**

26.  Acceptance Now requires some unknown number of its California customers who sign RPAs also to sign at the same time a standardized Consumer Arbitration Agreement ("CAA"). A true and correct copy of Acceptance Now's CAA with McBurnie is attached hereto as Exhibit 3. A true and correct copy of Acceptance Now's CAA with Spruell is attached hereto as Exhibit 4. The language of Exhibits 3 and 4 is identical in all material respects and, on information and belief, is

1   identical in all material respects to the language in Acceptance Now's CAAs with other California

2   customers who signed a CAA with Acceptance Now and who are members of the Class as defined

3   below.

4        27.  Acceptance Now's CAAs with its California customers, including its CAAs with

5   McBurnie and Spruell, generally provide that the customer agrees to submit disputes to individual

6   arbitration, and further provide that the customer may not seek, and the arbitrator may not award,

7   any relief that would affect any account holder "other than you." (Ex. 3 at p. 6; Ex. 4 at p. 11.)

8        28.  In California, a "public injunction" is an injunction primarily for the benefit of the

9   general public that the Legislature has made available *inter alia* to consumers prosecuting private

10  right of actions under the CLRA, the UCL, and other consumer-protection statutes including the

11  Karnette Act. In *McGill v. Citibank, N.A.*, 2 Cal.5th 945, 961, 965 (2017), the California Supreme

12  Court held that the right of a consumer to seek public injunctive relief under California's consumer-

13  protection statutes cannot be waived in pre-dispute arbitration agreements and that such waiver

14  provisions are unenforceable as contrary to California public policy. (*McGill*, 2 Cal. 5th at 961-66.)

15       29.  In *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019), the United States Court of

16  Appeals for the Ninth Circuit affirmed a district court ruling that a rent-to-own company's

17  arbitration agreement, which was identical to the CAA at issue here, unlawfully prohibited the

18  company's California customers from seeking public injunctive relief in any forum for that

19  company's alleged violations of the CLRA, UCL, and Karnette Act, in violation of *McGill*. The Ninth

20  Ninth Circuit further held that the Federal Arbitration Act, 9 U.S.C. §§1 et seq., does not preempt

21  the California Supreme Court's *McGill* rule, and that pursuant to the other provisions of the CAA,

22  the plaintiffs' claims for relief were properly subject to judicial resolution in court.

23       30.  Each of the claims for relief alleged by Plaintiffs in this Complaint on their own behalf

24  and on behalf of a class of similarly situated California customers of Acceptance Now seeks a public

25  injunction within the meaning of *McGill*. Because Acceptance Now's CAAs with Plaintiffs and

26  similarly situated California customers prohibit those consumers from pursuing public injunctive

27  relief in any forum, neither Plaintiffs nor any other Acceptance Now customer who signed a CAA

28  with Acceptance Now in California in the form of Exhibit 3 hereto may be required to arbitrate their

6

CLRA, UCL, or Karnette Act claims against Acceptance Now. Nor may any Acceptance Now customers in California who did *not* sign a pre-dispute arbitration agreement (or who signed but timely opted out of a pre-dispute arbitration agreement) be required to arbitrate their claims.

31.  Plaintiffs and all Class members have the right to pursue in court their claims for relief as alleged herein against Acceptance Now.

## CLASS ACTION ALLEGATIONS

32.  Plaintiffs bring this lawsuit as a class action under Code of Civil Procedure § 382 on behalf of a class ("Class") defined to include: "All individuals who, during the applicable limitations period, entered into a rental-purchase agreement with Acceptance Now, LLC in the State of California and were charged a processing fee and/or an expedited payment fee, limited to those individuals who, in connection with such rental-purchase agreement, either (a) did not enter into a Consumer Arbitration Agreement or (b) entered into a Consumer Arbitration Agreement substantially in the form of Exhibit 3 hereto."

33.  Ascertainability.  The members of the Class may be ascertained by reviewing records in the possession of Defendants and/or third parties, including without limitation Defendants' customer records and billing records.

34.  Common Questions of Fact or Law.  This lawsuit is suitable for class treatment because common questions of fact and law predominate over any individual issues. Common questions include but are not limited to: (1) whether the processing fee charged by Defendants is permitted by the Karnette Act; (2) whether the expedited payment fee charged by Defendants is permitted by the Karnette Act; (3) whether Defendants' conduct constitutes an unlawful or unfair business act or practice; and (4) the appropriate remedies for Defendants' conduct.

35.  Numerosity.  The Class is so numerous that joinder of all Class members would be impracticable. Plaintiffs are informed and believe and thereon allege that the Class consists of at least 100 members.

36.  Typicality and Adequacy.  Plaintiffs' claims are typical of the claims of all other Class members. Plaintiffs have no interests that are adverse to those of the other Class members. Plaintiffs will fairly and adequately protect the interests of the Class members.

7

37. <u>Superiority</u>.  A class action is superior to other methods for resolving this controversy. Because the amount of monetary relief to which each Class member may be entitled is low in comparison to the expense and burden of individual litigation, it would be impracticable for Class members to redress the wrongs committed against them without a class action forum. On information and belief, Class members do not know that their legal rights have been violated. Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments.

38. <u>Risk of Inconsistent or Varying Adjudications</u>.  Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants. As a practical matter, adjudication with respect to individual Class members could also be dispositive of the interests of others not party to the individual adjudications or could substantially impair or impede their ability to protect their interests.

## FIRST CLAIM FOR RELIEF

(Violation of the Karnette Rental-Purchase Act)

(Cal. Civ. Code, §§ 1812.620 et seq.)

39.  Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein.

40.  Defendants violated the Karnette Act by charging Plaintiffs and all Class members a processing fee that is prohibited by the Karnette Act because such fee is not reasonable and/or is not an actual cost incurred by Defendants. By charging such fee to Plaintiffs, other Class members, and other California customers of Acceptance Now, Defendants violated and continue to violate § 1812.624(a)(7).

41.  Defendants separately violated the Karnette Act by charging Plaintiff Spruell and other Class members an expedited payment fee that is prohibited by the Karnette Act because such fee is not reasonable and/or is not an actual cost incurred by Defendants. By charging such fee to Plaintiff Spruell, other Class members, and other California customers of Acceptance Now, Defendants violated and continue to violate § 1812.624(a)(7).

42.  Defendants' violations of the Karnette Act alleged herein were intentional and willful.

8

43.  By reason of the foregoing violations, pursuant to Civil Code § 1812.636(a), Plaintiffs and other Class members are entitled to: actual damages; twenty-five percent of an amount equal to the total amount of payments required to obtain ownership if all payments were made under the RPA, but not less than $100 nor more than $1,000 for each such RPA; reasonable attorney's fees and costs; exemplary damages in an amount the Court deems proper; a public injunction enjoining Defendants from committing further violations of the Karnette Act with respect to RPAs entered into in the State of California; and restitution and other equitable relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF

(Violation of the Consumers Legal Remedies Act)

(Cal. Civ. Code, §§ 1750 et seq.)

44.  Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein.

45.  Plaintiffs and Class members are "consumers" within the meaning of § 1761(d) because they acquired goods and/or services for personal, family, or household purposes.

46.  The goods and/or services that are the subject of Plaintiffs' and Class members' RPAs with Acceptance Now are "goods" and/or "services" within the meaning of § 1761(a) and (b).

47.  Plaintiffs' and Class members' RPAs with Acceptance Now reflect "transactions" within the meaning of § 1761(e).

48.  Defendants have violated and are continuing to violate § 1770(a)(14) by representing that the transaction reflected in each RPA with Plaintiffs, Class members, and other California consumers involves rights or obligations that it does not have or involve, or that are prohibited by law.

49.  Defendants have violated and are continuing to violate § 1770(a)(19) by inserting unconscionable provisions in their RPAs with Plaintiffs, Class members, and other California consumers.

50.  By reason of the foregoing violations, pursuant to Civil Code § 1780(a), Plaintiffs and Class members are entitled to a public injunction enjoining Defendants from violating the CLRA in connection with RPAs in the State of California, and to an award of attorney's fees and costs.

CLASS ACTION COMPLAINT

**THIRD CLAIM FOR RELIEF**

(Unfair Competition)

(Cal. Bus. & Prof. Code, §§ 17200 et seq.)

51.  Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein.

52.  By violating the Karnette Act as alleged above, and by violating the CLRA as alleged above, Defendants have engaged in business practices that are unlawful, in violation of Bus. & Prof. Code §§ 17200 et seq.

53.  By violating the Karnette Act as alleged above, and by violating the CLRA as alleged above, Defendants have engaged in business practices that are unfair, in violation of Bus. & Prof. Code §§ 17200 et seq. Defendants' business practices described herein have no social utility because they serve only to increase the profit accruing to Defendants without providing any corresponding benefit to consumers. Plaintiffs could not reasonably have avoided their injuries. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

54.  Plaintiffs have lost money as a result of Defendants' conduct alleged herein.

55.  By reason of the foregoing violations, pursuant to Bus. & Prof. Code § 17203, Plaintiffs and Class members are entitled to a public injunction enjoining Defendants from violating the Unfair Competition Law in connection with RPAs in the State of California, and to restitution.

**PRAYER**

WHEREFORE, on behalf of themselves and all Class members, Plaintiffs pray for judgment against Defendants and each of them as follows:

On the First Claim for Relief:

1.  For actual damages, pursuant to § 1812.636(a)(1);

2.  For twenty-five percent of an amount equal to the total amount of payments required to obtain ownership if all payments were made under the rental-purchase agreement, but not less than $100 nor more than $1,000 for each such rental-purchase agreement, pursuant to § 1812.636.(a)(2);

3.  For an award of attorney's fees and costs, pursuant to § 1812.636(a)(3);

4.  For an award of exemplary damages, pursuant to § 1812.636(a)(4);

10

5.    For a public injunction enjoining Defendants from committing further violations of the Karnette Act with respect to RPAs entered into in the State of California, and for restitution and other equitable relief as the Court deems proper, pursuant to § 1812.636(a)(5);

On the Second Claim for Relief:

6.    For a public injunction enjoining Defendants from violating the CLRA in connection with RPAs in the State of California, pursuant to § 1780(a)(2);

7.    For an award of attorneys' fees and costs, pursuant to § 1780(e);

On the Third Claim for Relief:

8.    For a public injunction enjoining Defendants from violating the Unfair Competition Law in connection with RPAs in the State of California;

9.    For restitution;

On All Claims for Relief:

10.  For reasonable attorneys' fees pursuant to Cal. Code Civ. Proc., § 1021.5;

11.  For costs of suit;

12.  For pre-judgment interest; and

13.  For such other relief that the Court deems just and proper.

Dated: December 11, 2020              DOSTART HANNINK & COVENEY LLP
                                       ALTSHULER BERZON LLP

                                       _____
                                       ZACH P. DOSTART
                                       Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all claims so triable.

Dated: December 11, 2020              DOSTART HANNINK & COVENEY LLP
                                       ALTSHULER BERZON LLP

                                       _____
                                       ZACH P. DOSTART
                                       Attorneys for Plaintiffs

931768.5

11

CLASS ACTION COMPLAINT

Exhibit 1

**TERMS OF AGREEMENT:** As used in this Agreement, "you" and "your" mean the person(s) signing the Agreement as lessee/renter/consumer; "we" and "our" mean the lessor/owner (the rental company); "property" means the items described in the disclosures; and "lease" means this Rental-Purchase Agreement including the disclosures.

## RENTAL-PURCHASE DISCLOSURES

Date: Mar 09, 2020
Lessor: AcceptanceNOW
3839 EMERY ST
EMERYVILLE    CA 94608-3662
{ }  -  LOC: 7938-M

Agreement Number:
Consumer: MCBURNIE, SHANNON

REDACTED

RT: 01

**DESCRIPTION OF LEASED PROPERTY:**

| Item # | Item Description | Serial # | Model # | Age | Acquisition Date | New/Used |
|---|---|---|---|---|---|---|
| 0793803028 | FURNITURE /RECLINER | | RCL500 | | 03/09/2020 | NEW |
| 0793803029 | ACCESSORY /ACCESSORY | | ACC200 | | 03/09/2020 | NEW |

**INITIAL PAYMENT:** Payments are due at the beginning of each term that you choose to rent the property. The initial term of this Agreement is    **Monthly**  . Your initial payment will include the following charges:

| Rental Payment | Sales Tax | E-Waste Recycling Fee | Processing Fee | Total |
|---|---|---|---|---|
| $100.28 | $13.45 | $.00 | $45.00 | $158.73 |

**RENEWAL PAYMENTS:** You are not obligated to renew this Agreement beyond the initial term. However, if you choose to renew this Agreement beyond the initial term, or beyond any subsequent renewal term, you may do so by making an advance payment on    **20**    of each month    for successive    Monthly    terms.

| Payments | Rental Payment | Sales Tax | Total |
|---|---|---|---|
| Monthly | $112.91 | $10.44 | $123.35 |

**OTHER CHARGES:**

Late Fee: A late fee is charged if you are  7  days late with a renewal payment. This fee shall not exceed the lesser of  5.000 % of the periodic renewal payment or    **$5.00** , subject, however, to a minimum late fee of    **$2.00** .
E-Waste Recycling Fee:  A recycling fee of $8, $16, or $25, depending on screen size, will be charged upon the rental of certain new video display devices when required by applicable state law.
Optional Expedited Payment Fee:    $1.99    fee for a telephone payment assisted by a customer service representative who will immediately confirm that the payment has been applied to your account. (There is no fee for renewal payments made at our store or by visiting us online at acceptancenow.com and selecting the "PAY ONLINE" icon.)
**EARLY PURCHASE OPTION:**    (1) You may purchase the rental property at any time within the first  90 days of rental by paying all rental payments and fees then due, plus an amount equal to the Cash Price minus all rental payments actually made by you as of that date. (2) Thereafter, you may purchase the rental property by paying all rental payments and fees due, plus an amount equal to the Cash Price multiplied by the number of payments remaining for ownership under the agreement, divided by the total number of payments necessary to acquire ownership.
**TOTAL OF PAYMENTS:**  The total number and dollar amount of payments necessary to acquire ownership of the rental property disclosed below does not include other fees, such as late payment fees, or sales tax. Sales taxes are subject to change in the applicable tax rate. Free rent allowance will not reduce total rent or purchase-option amounts. You should read the rental-purchase agreement for an explanation of any additional applicable fees.
**TYPE OF TRANSACTION: THIS IS A RENTAL TRANSACTION**
**TERMINATION:**  You may terminate this rental-purchase agreement without penalty by voluntarily surrendering or returning the merchandise to us in good condition upon the expiration of any lease term. You will be liable for any unpaid rental payments due upon the date of return and for any damage to the property, fair wear and tear excepted.
**ARBITRATION:    An Arbitration Agreement comes with and is incorporated into this rental purchase agreement. You should read the Arbitration Agreement before signing this agreement.**
**NOTICE TO LESSEE:**  Do not sign this Rental-Purchase Agreement before you read it, including the Arbitration Agreement, or if it contains any blank spaces. You are entitled to an exact copy of the Rental-Purchase Agreement you sign. Keep it to protect your legal rights.

## NOTICE

**You are renting this property. You will not own it until you make all of the regularly scheduled payments or you use the early purchase option. You do not have the right to keep the property if you do not make required payments or do not use the early purchase option. If you miss a payment, the lessor can repossess the property, but you may have the right to the return of the same or similar property. See the contract for an explanation of your rights.**

## NOTICE TO COSIGNER

If you sign this contract, you will have the same responsibility for the property and the same obligation to make payments that every renter has. If any renter does not pay, you have to pay the full amount owed, including late fees, and you may have to pay for certain loss or damage to the property. The lessor may collect from you without first trying to collect from any other renter. The lessor can use the same collection methods against you that can be used against any renter, such as suing you or garnishing your wages. This notice is not the contract that makes you responsible. Before you sign, be sure you can afford to pay if you have to, and that you want to accept this responsibility.

## AVISO (EN ESPAÑOL)

Si usted firma este contrato, tendrá la misma responsabilidad por la propiedad y las mismas obligaciones de efectuar pagos que tiene el inquilino. Si el inquilino no paga, usted como fiador tendrá que pagar la cantidad total, incluyendo las tarifas por pago atrasado, y, además, es posible que usted tenga que pagar las pérdidas o daños a la propiedad. El arrendador puede cobrarle primero a usted sin tratar de cobrarle al inquilino. El arrendador puede usar los mismos métodos de cobro contra usted que usaría contra el inquilino como, por ejemplo, demandarle judicialmente o embargar sus ingresos. Este aviso no es el contrato que lo hace responsable. Antes de firmar, asegúrese de poder permitirse pagar si se ve en necesidad de hacerlo y que usted quiere aceptar verdaderamente esta responsabilidad.

| TOTAL OF PAYMENTS | COST OF RENTAL | CASH PRICE | |
|---|---|---|---|
| $1,354.92 | $603.69 | $751.23 | |
| You must pay this amount to own the property if you make all regular payments. (TAX NOT INCLUDED) | Amount over cash price you will pay if you make all regular payments. (TAX NOT INCLUDED) | Property available at this price for cash from the lessor. See about your early purchase option rights. (TAX NOT INCLUDED) | |
| You can buy the property for less under the early purchase option. | AMOUNT OF EACH PAYMENT | NUMBER OF PAYMENTS | RENTAL PERIOD |
| | $112.91 per Month | 12.0 | 12.0 Monthly |

MINIMUM RENTAL OBLIGATION:  1 Month

Date:    3/9/2020    Consumer:    SHANNON MCBURNIE

Lessor:    Consumer:

**SEE ADDITIONAL DISCLOSURES AND PROVISIONS ON THE BACK SIDE**

This writing and the obligations evidenced hereby are subject to the security interest of JPMorgan Chase Bank, N.A., as Administrative Agent.
UA3CA1E v1.0 rev. 03/19/19
©Rent-A-Center West, Inc. 2012

Exhibit 1
Page 1

RENTAL-PURCHASE AGREEMENT

Date: **Mar 09, 2020**          Agreement Number:
Lessor: **AcceptanceNOW**             Consumer: **MCBURNIE, SHANNON**
       **3839 EMERY ST**
       **EMERYVILLE    CA 94608-3662**
       **( )  -  LOC: 7938-M**

                                **RT: 01**

**LIABILITY FOR LOSS AND DAMAGE:** You are solely responsible for loss or damage to the property (in excess of normal wear and tear) that is caused by your negligent, reckless or intentional acts. Your liability will not exceed the lesser of the early purchase option price or the fair market value of the rental property as of the date it is lost, damaged, or destroyed. You will be held liable for loss caused by the theft of the property unless (a) There is evidence of a burglary of the premises in which the property is located, such as physical evidence or an official report filed by you with the police or other law enforcement agency, or (b) you establish by the preponderance of the evidence that you have not committed or aided or abetted in the commission of the theft of the property.

**REINSTATEMENT:** If you fail to make a timely payment, you may reinstate the agreement, without losing any rights or options under the agreement, by paying all past due payments, including late payment fees, by the end of the 10th day after your renewal date. If you return or voluntarily surrender the rental property, you will have one year to reinstate by paying all past due rental and other charges due. If you reinstate, we will provide you with the same rental property, if available, or substitute property of the same brand, if available, and comparable quality, age, condition and warranty coverage if any.

**WARRANTY:** The unexpired portion of all warranties provided by the manufacturer, distributor, or seller of the property that is the subject of this agreement will be transferred to you at the time you acquire ownership of the property, if such warranty coverage is transferable.

**MAINTENANCE:** We are responsible for maintaining the rental property in good working order while it is being rented without charging any fee in addition to the regular scheduled payments. We will provide all necessary service, repair or replacement if you notify us that service is needed. We will repair or replace the property within two business days of your notice to us. If we cannot repair the property within that period, we will provide you with a "loaner." If we cannot repair the property within 30 days, we will replace it. The replacement property will be the same brand, if available, and comparable in quality, age, condition and warranty coverage. We will not be responsible for damage due to your negligent, reckless or intentional acts. We will not be responsible for repairs done by anyone other than us.

**ASSIGNMENT:** We may sell, transfer, or assign this rental-purchase agreement, but agree to notify you of any change.

**TITLE AND TAXES:** We retain title to the property at all times and will pay any taxes which might be levied on the property.

**FORBIDDEN ACTS:** You cannot sell, mortgage, pawn, pledge, encumber, hock or dispose of this property. Except for property that is designed to be carried by the person, you cannot move the property from your current residence without our consent. Each of these acts is a breach of this lease.

**OUR RIGHTS TO TAKE POSSESSION:** If you do not renew this lease or if you breach this lease, we have the right to possession of the property. If this happens, you agree to return the property or make arrangements for us to take possession of it. If you fail or refuse to comply with this requirement, you may be liable for our costs in taking possession of the property, if permitted by state law.

**INCOME/RENT REDUCTION:** **If you experience a reduction or interruption of 25% or more of your income due to involuntary job loss, involuntary reduced employment, illness, disability or pregnancy and you have paid 50% or more of the total payments necessary to acquire ownership, you will be entitled to a reduction in the amount of your rental payment. Your rental payments will be reduced by the same percentage your income has been reduced, up to a maximum of 50%. Although your rental payments will be reduced for the period during which your income is interrupted or reduced, the total cost of acquiring ownership, as disclosed in this agreement, will remain the same. Consequently, the number of payments that are necessary to acquire ownership may be increased. You may terminate this Agreement during or after a period of reduced rental payments by returning the property to us. If you do so, you will not be required to pay any remaining portion of the rent reduction.**

Date:        3/9/2020                         Consumer:    SHANNON MCBURNIE

Lessor:                                       Consumer:

Exhibit 1
Page 2

Exhibit 2

**RENTAL-PURCHASE AGREEMENT**

**TERMS OF AGREEMENT:** As used in this Agreement, "you" and "your" mean the person(s) signing the Agreement as lessee/renter/consumer; "we" and "our" mean the lessor/owner (the rental company); "property" means the items described in the disclosures; and "lease" means this Rental-Purchase Agreement including the disclosures.

**RENTAL-PURCHASE DISCLOSURES**

Date: Jan 18, 2017  Agreement Number:
Lessor: Acceptance Now  Consumer: SPURELL, APRIL R
3839 Emery St
Emeryville   CA 94608-3662          REDACTED
( )  -  LOC: 7938-M

RT: 01

**DESCRIPTION OF LEASED PROPERTY:**

| Item # | Item Description | Serial # | Model # | Age | Acquisition Date | New/Used |
|--------|------------------|----------|---------|-----|------------------|----------|
| 0793800141 | FURNITURE  /BEDROOM | | BRM2000 | | 01/18/2017 | NEW |
| 0793800142 | FURNITURE  /QUEEN MATTRES | | MTQ700 | | 01/18/2017 | NEW |

**INITIAL PAYMENT:** Payments are due at the beginning of each term that you choose to rent the property. The initial term of this Agreement is **Monthly**. Your initial payment will include the following charges:

| Rental Payment | Sales Tax | Recycling Fee(s) | Processing Fee | Retailer's Optional Delivery Charge | Initial Note Payment | Total |
|----------------|-----------|------------------|----------------|-------------------------------------|---------------------|-------|
| $196.76 | $22.36 | $.00 | $45.00 | N/A | N/A | $264.12 |

**RENEWAL PAYMENTS:** You are not obligated to renew this Agreement beyond the initial term.  However, if you choose to renew this Agreement beyond the initial term, or beyond any subsequent renewal term, you may do so by making an advance payment on **15** of each month for successive **Monthly** terms.

| Payments | Rental Payment | Sales Tax | Total |
|----------|----------------|-----------|-------|
| Monthly | $212.99 | $19.70 | $232.69 |

**OTHER CHARGES:** (Some charges may be payable in installments by separate agreement)
**Late Fee:** A late fee is charged if you are **7** days late with a renewal payment.  This fee shall not exceed the lesser of **5.000** % of the periodic renewal payment or **$5.00**, subject, however, to a minimum late fee of **$2.00** .
**Recycling Fees:** An E-Waste recycling fee of $8, $16, or $25, depending on screen size, will be charged upon the rental of certain new video display devices when required by applicable state law. Additionally, a mattress recycling fee of $11.00 will be charged separately for each mattress and box spring as required by state law.
**Optional Delivery Charge:** $.00    to deliver the property charged by the retailer.
**Optional Expedited Payment Fee:** **$1.99** for a telephone payment assisted by a customer service representative who will immediately confirm that the payment has been applied to your account.  (There is no fee for renewal payments made at our store or by visiting us online at acceptancenow.com          0 and selecting the ePay icon.)
**EARLY PURCHASE OPTION:**    (1) You may purchase the rental property at any time within the first 90 days of rental by paying all rental payments and fees then due, plus an amount equal to the Cash Price minus all rental payments actually made by you as of that date.  (2) Thereafter, you may purchase the rental property by paying all rental payments and fees due, plus an amount equal to the Cash Price multiplied by the number of payments remaining for ownership under the agreement, divided by the total number of payments necessary to acquire ownership.
**TOTAL OF PAYMENTS:**  The total number and dollar amount of payments necessary to acquire ownership of the rental property disclosed below does not include other fees, such as late payment fees, or sales tax.  Sales taxes are subject to change in the applicable tax rate.  Free rent allowance will not reduce total rent or purchase-option amounts. You should read the rental-purchase agreement for an explanation of any additional applicable fees.
**TYPE OF TRANSACTION:** THIS IS A RENTAL TRANSACTION
**TERMINATION:**  You may terminate this rental-purchase agreement without penalty by voluntarily surrendering or returning the merchandise to us in good condition upon the expiration of any lease term. You will be liable for any unpaid rental payments due upon the date of return and for any damage to the property, fair wear and tear excepted.
**ARBITRATION:**  An Arbitration Agreement comes with and is incorporated into this rental purchase agreement. You should read the Arbitration Agreement before signing this agreement.
**NOTICE TO LESSEE:**  Do not sign this Rental-Purchase Agreement before you read it, including the Arbitration Agreement, or if it contains any blank spaces.  You are entitled to an exact copy of the Rental-Purchase Agreement you sign. Keep it to protect your legal rights.

**NOTICE**
You are renting this property. You will not own it until you make all of the regularly scheduled payments or you use the early purchase option. You do not have the right to keep the property if you do not make required payments or do not use the early purchase option. If you miss a payment, the lessor can repossess the property, but you may have the right to the return of the same or similar property. See the contract for an explanation of your rights.

**NOTICE TO COSIGNER**
If you sign this contract, you will have the same responsibility for the property and the same obligation to make payments that every renter has. If any renter does not pay, you have to pay the full amount owed, including late fees, and you may have to pay for certain loss or damage to the property. The lessor may collect from you without first trying to collect from any other renter. The lessor can use the same collection methods against you that can be used against any renter, such as suing you or garnishing your wages. This notice is not the contract that makes you responsible. Before you sign, be sure you can afford to pay if you have to, and that you want to accept this responsibility.

**AVISO (EN ESPAÑOL)**
Si usted firma este contrato, tendrá la misma responsabilidad por la propiedad y las mismas obligaciones de efectuar pagos que tiene el inquilino. Si el inquilino no paga, usted como fiador tendrá que pagar la cantidad total, incluyendo las tarifas por pago atrasado, y, además, es posible que usted tenga que pagar las pérdidas o daños a la propiedad. El arrendador puede cobrarle primero a usted sin tratar de cobrarle al inquilino. El arrendador puede usar los mismos métodos de cobro contra usted que usaría contra el inquilino como, por ejemplo, demandarle judicialmente o embargar sus ingresos. Este aviso no es el contrato que les hace responsable. Antes de firmar, asegúrese de poder permitirse pagar si se ve en necesidad de hacerlo y que usted quiere aceptar verdaderamente esta responsabilidad.

| TOTAL OF PAYMENTS | COST OF RENTAL | CASH PRICE |
|-------------------|----------------|------------|
| $6,602.69 | $3,587.40 | $3,015.29 |
| You must pay this amount to own the property if you make all regular payments. (TAX NOT INCLUDED) | Amount over cash price you will pay if you make all regular payments. (TAX NOT INCLUDED) | Property available at this price for cash from the lessor. See about your early purchase option rights. (TAX NOT INCLUDED) |
| You can buy the property for less under the early purchase option. | **AMOUNT OF EACH PAYMENT** $212.99 per Month | **NUMBER OF PAYMENTS** 31.0 | **RENTAL PERIOD** 31.0 Months |

MINIMUM RENTAL OBLIGATION:    **1 Month**

Date:  1/18/17        Consumer: _____ Signed via click-through AcceptanceNOW web portal. APRIL SPURELL 2017-01-18 15:01:45

Lessor: _____     Consumer: _____

SEE ADDITIONAL DISCLOSURES AND PROVISIONS ON THE BACK SIDE

UA1CA1E v1.8 rev. 04/20/16
©Rent-A-Center West, Inc. 2012

Exhibit 2
Page 3

**RENTAL-PURCHASE AGREEMENT**

Date: Jan 18, 2017                    Agreement Number:
Lessor: Acceptance Now                    Consumer: SPURELL, APRIL R
    3839 Emery St
    Emeryville    CA 94608-3662
    ( )  -  LOC: 7938-M

                                                                RT: 01

**LIABILITY FOR LOSS AND DAMAGE:** You are solely responsible for loss or damage to the property (in excess of normal wear and tear) that is caused by your negligent, reckless or intentional acts. Your liability will not exceed the lesser of the early purchase option price or the fair market value of the rental property as of the date it is lost, damaged, or destroyed. You will be held liable for loss caused by the theft of the property unless (a) There is evidence of a burglary of the premises in which the property is located, such as physical evidence or an official report filed by you with the police or other law enforcement agency, or (b) you establish by the preponderance of the evidence that you have not committed or aided or abetted in the commission of the theft of the property.

**REINSTATEMENT:** If you fail to make a timely payment, you may reinstate the agreement, without losing any rights or options under the agreement, by paying all past due payments, including late payment fees, by the end of the 10th day after your renewal date. If you return or voluntarily surrender the rental property, you will have one year to reinstate by paying all past due rental and other charges due. If you reinstate, we will provide you with the same rental property, if available, or substitute property of the same brand, if available, and comparable quality, age, condition and warranty coverage if any.

**WARRANTY:** The unexpired portion of all warranties provided by the manufacturer, distributor, or seller of the property that is the subject of this agreement will be transferred to you at the time you acquire ownership of the property, if such warranty coverage is transferable.

**MAINTENANCE:** We are responsible for maintaining the rental property in good working order while it is being rented without charging any fee in addition to the regular scheduled payments. We will provide all necessary service, repair or replacement if you notify us that service is needed. We will repair or replace the property within two business days of your notice to us. If we cannot repair the property within that period, we will provide you with a "loaner." If we cannot repair the property within 30 days, we will replace it. The replacement property will be the same brand, if available, and comparable in quality, age, condition and warranty coverage. We will not be responsible for damage due to your negligent, reckless or intentional acts. We will not be responsible for repairs done by anyone other than us.

**ASSIGNMENT:** We may sell, transfer, or assign this rental-purchase agreement, but agree to notify you of any change.

**TITLE AND TAXES:** We retain title to the property at all times and will pay any taxes which might be levied on the property.

**FORBIDDEN ACTS:** You cannot sell, mortgage, pawn, pledge, encumber, hock or dispose of this property. Except for property that is designed to be carried by the person, you cannot move the property from your current residence without our consent. Each of these acts is a breach of this lease.

**OUR RIGHTS TO TAKE POSSESSION:** If you do not renew this lease or if you breach this lease, we have the right to possession of the property. If this happens, you agree to return the property or make arrangements for us to take possession of it. If you fail or refuse to comply with this requirement, you may be liable for our costs in taking possession of the property, if permitted by state law.

**INCOME/RENT REDUCTION:** If you experience a reduction or interruption of 25% or more of your income due to involuntary job loss, involuntary reduced employment, illness, disability or pregnancy and you have paid 50% or more of the total payments necessary to acquire ownership, you will be entitled to a reduction in the amount of your rental payment. Your rental payments will be reduced by the same percentage your income has been reduced, up to a maximum of 50%. Although your rental payments will be reduced for the period during which your income is interrupted or reduced, the total cost of acquiring ownership, as disclosed in this agreement, will remain the same. Consequently, the number of payments that are necessary to acquire ownership may be increased. You may terminate this Agreement during or after a period of reduced rental payments by returning the property to us. If you do so, you will not be required to pay any remaining portion of the rent reduction.

Date: _____1/18/17_____                    Consumer: _____
                                               Signed via click-through AcceptanceNOW web portal.
                                               APRIL SPURELL
                                             2017-01-18 15:01:45

Lessor: _____                    Consumer: _____

Exhibit 2
Page 4

Exhibit 3

### RENT-A-CENTER/ACCEPTANCE NOW
### CONSUMER ARBITRATION AGREEMENT

Date:   Mar 09, 2020                REDACTED

Consumer Lease, Rental-Purchase Agreement, or Retail Installment Sale Contract
Agreement Number _____                _____

### PLEASE READ THIS ARBITRATION AGREEMENT. IT IS BINDING AND ENFORCEABLE UNLESS YOU SEND IN A REJECTION NOTICE, AS SET OUT IN PARAGRAPH (A) BELOW.

This Arbitration Agreement ("Agreement") is between RAC and the Consumer. As used in this Agreement, the term "Consumer" or "Consumers" mean the customers who sign this Agreement. The term "Consumer Contract" means the consumer lease, rental-purchase agreement, or retail installment contract between the Consumers and RAC. The terms "you" and "your" mean the Consumer, customer, lessee, renter, user, buyer, and other third-party beneficiaries of the items or services RAC is providing, will provide, or has provided to you. And the term "RAC" means Rent-A-Center, its parents, subsidiaries, affiliate entities (including but not limited to Acceptance Now), predecessors or successors in interest, officers, directors, employees, assigns, or agents acting in such capacity. The Federal Arbitration Act (9 U.S.C. § 1-16) ("FAA") governs this Agreement, which evidences a transaction involving interstate commerce.

Except as otherwise provided in this Agreement, you and RAC hereby agree that, in the event of any dispute or claim between us, either you or RAC may elect to have that dispute or claim resolved by binding arbitration on an individual basis in accordance with the terms and procedures set forth in this Agreement.

**(A)      Your Right to Reject: If you want to reject this Arbitration Agreement, you must send a written Rejection Notice, by certified mail, return receipt requested, to: Rent-A-Center Legal Department, 5501 Headquarters Drive, Plano, TX 75024-5837. The Rejection Notice must: (i) state that you are rejecting this Agreement; (ii) provide your name, address, and phone number; and (iii) provide the agreement number from the Consumer Contract you entered into with RAC, which is incorporated in this Agreement as though fully set forth. A Rejection Notice is effective only if it is signed by all Consumers who signed the Consumer Contract with RAC and postmarked within 15 days after the date of the execution of this Agreement. RAC will acknowledge your rejection in writing. You should retain the acknowledgement to establish rejection of this Agreement. If you do not receive the acknowledgement from RAC within 15 days from the date you sent your Rejection Notice to RAC, then you should contact the RAC Legal Department by mail or by email at arbitration.reject@rentacenter.com. A Rejection Notice applies only to this Agreement and does not affect the validity or enforceability of any past or future Arbitration Agreements between you and RAC.**

**(B)      What Claims Are Covered:** You and RAC agree that, in the event of **any dispute or claim between us,** either you or RAC may elect to have that dispute or claim resolved by binding arbitration. This agreement to arbitrate is intended to be interpreted as broadly as the FAA allows. Claims subject to arbitration include, but are not limited to:
- claims arising under, arising out of, or relating in any way to any Consumer Contract entered into between you and RAC at any time, and/or any services rendered under or that relate to any such Consumer Contract;
- claims that arose before the execution of this Agreement or any current or prior Consumer Contract between you and RAC, such as claims related to advertising or disclosures;
- claims that arise after the termination of any Consumer Contract between you and RAC;
- claims that are based on any legal theory whatsoever, including negligence, breach of contract, tort, fraud, misrepresentation, trespass, the common law, or any statute, regulation or ordinance;
- except as specified in Paragraph (C) below, claims that are asserted in a lawsuit in court, including class actions in which you are not a member of a certified class, which the defendant (or counterclaim defendant) elects to have resolved by binding arbitration; and

Exhibit 3
Page 5

- except as specified in Paragraph (D) below, any and all disputes relating to the interpretation, applicability, enforceability or formation of this Agreement, including, but not limited to, any contention that all or any part of this agreement to arbitrate is void or voidable.

**(C)    Small Claims Court Option:** Notwithstanding the foregoing, you and RAC each have the right to file an action in small claims court that would be permissible under Paragraph (D) if brought in arbitration and that is within the jurisdiction of the small claims court. The defendant or counterclaim defendant in such a small claims court action may not elect to have the claim resolved by binding arbitration.

**(D)    Requirement of Individual Arbitration:** You and RAC agree that arbitration shall be conducted on an individual basis, and that neither you nor RAC may seek, nor may the Arbitrator award, relief that would affect RAC account holders other than you. There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, mass, private attorney general, or representative action. Nor shall the Arbitrator have any authority to hear or preside over any such dispute or to join or consolidate arbitrations involving more than one consumer unless RAC and the affected consumers all agree in writing. In addition, although the Arbitrator shall be bound by rulings in prior arbitrations involving the same customer to the extent permitted by applicable law, the Arbitrator shall not be bound by rulings in prior arbitrations involving different customers. Regardless of anything else in your Consumer Contract, this Agreement, or the arbitration provider's rules or procedures, the interpretation, applicability, and enforceability of this Paragraph, including, but not limited to, any claim that all or part of this Paragraph is void or voidable, may be determined only by a court. Any such court challenge shall be governed by the law of the customer's mailing address at the time the dispute arises, but only to the extent permitted and not preempted by the FAA or other federal law. If there is a final judicial determination that applicable law precludes enforcement of this Paragraph's limitations as to a particular claim for relief, then that claim (and only that claim) must be severed from the arbitration and may be brought in court.

**(E)    Starting or Initiating Arbitration:** A party who intends to seek arbitration must first send to the other, by certified mail, return receipt requested, a written Notice of Dispute. A Notice of Dispute to RAC should be addressed to: Rent-A-Center Legal Department, 5501 Headquarters Drive, Plano, TX 75024-5837. Notices of Dispute to you will be sent to you at the last known address you provided to RAC. A Notice of Dispute must (i) provide your name, address, phone number, and Consumer Contract number; (ii) describe the nature and basis of the claim or dispute; and (iii) set forth the specific relief sought. You and RAC agree that any statute of limitations applicable to any claims described in a Notice of Dispute shall be deemed to be tolled for 30 days after receipt of that Notice of Dispute.

If RAC and you do not reach an agreement to resolve the claim within 30 days after the Notice is received, you or RAC may commence an arbitration with the American Arbitration Association ("AAA") by sending written notice to the other party **and** to the AAA by certified mail, return receipt requested. A written request for arbitration should be made as soon as possible after the event or events in dispute so that the arbitration of any differences may take place promptly. Requests for arbitration by you should be sent to: Rent-A-Center's Legal Department, 5501 Headquarters Drive, Plano, Texas 75024-5837. Requests for arbitration by RAC will be sent to you at the last known address you provided to RAC. Requests for arbitration also should be sent to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. The AAA's current address also may be found on its web site at www.adr.org. Requests for arbitration must be clearly marked "Request for Arbitration," include your name, address, phone number, and Consumer Contract number, and provide a short statement of the claim and the relief that is being sought.

**(F)    The Arbitration Process:** Arbitration is more informal than a lawsuit in court. **In arbitration you and RAC each give up the right to a trial by jury.** The arbitration will be administered by the American Arbitration Association ("AAA"), and except as provided in this Agreement, shall proceed in accordance with the AAA's Commercial Arbitration Rules, Optional Rules for Emergency Measures, and Supplementary Procedures for Consumer Related Disputes ("AAA Rules") in effect at the time the arbitration commences. The AAA rules are available at **www.adr.org,** or **by calling the AAA at 1-800-778-7879 or its then current telephone number** as provided on its web site, or by sending a written request to: **The American Arbitration Association, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043.** If the AAA is unavailable or unwilling to administer the matter, the Parties may agree to or a court of competent jurisdiction shall select another arbitration provider to administer the arbitration or otherwise fulfill the duties of the AAA under this Agreement. Any such substitute arbitration provider shall apply the AAA rules, as modified by this Agreement. Unless the parties agree otherwise, the Arbitrator shall be

either an attorney who is experienced in commercial law and licensed to practice law in at least one state or a retired judge from any jurisdiction (the "Arbitrator"). Unless the parties agree otherwise, the arbitration shall take place in the U.S. city or county in which you reside at the time arbitration is commenced.

For claims seeking relief valued at $75,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, the AAA shall appoint the Arbitrator in accordance with its rules and procedures. For all claims seeking relief above $75,000.00 in value (in either your or RAC's assessment), excluding attorney's fees and costs, unless prohibited by the AAA (in which case the AAA's rules and procedures for arbitrator selection shall apply), the Arbitrator shall be selected as follows: The AAA shall give each party a list of five (5) arbitrators drawn from its roster of arbitrators. Each party shall have ten (10) calendar days from the receipt of the list to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of both parties, the parties shall strike names alternately from the list of common names until only one remains. The party who did not initiate arbitration shall strike first. If no common name remains on the lists of all parties, the AAA shall furnish an additional list of five (5) arbitrators from which the parties shall strike alternately, with the party who initiated arbitration striking first, until only one name remains. That person shall be designated as the Arbitrator. Regardless of the value of the claims, if either you or RAC requests emergency relief before the Arbitrator may be appointed, the AAA shall appoint an emergency arbitrator in accordance with the AAA Optional Rules for Emergency Measures of Protection.

Subject to the limitations in Paragraph (D) above, the Arbitrator may award any party any remedy to which that party is entitled under applicable law (including without limitation, legal, equitable and injunctive relief), but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. Except to the extent preempted by the FAA, the Arbitrator shall apply the substantive law including, but not limited to, the applicable statutes of limitations (and the law of remedies, if applicable) of the state of the customer's mailing address with RAC at the time arbitration commences, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party.

Any party may arrange for a court reporter to provide a stenographic record of the proceedings in accordance with the AAA rules. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon the evidence that is presented. Upon request at the close of the hearing, either party shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award by reasoned written opinion no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later, unless the parties agree otherwise. The opinion shall be in writing and include the factual and legal basis for the award. Before the Arbitrator issues this award, neither RAC nor you should disclose the substance of any settlement offers to the Arbitrator.

Each party shall have the right to take the deposition of one individual and any expert witnesses designated by the other party. Each party shall have the right to send requests for production of documents to any party, consistent with applicable legal privileges, the informal and expedited nature of arbitration, and each party's right to a fundamentally fair hearing. At either party's request, the Arbitrator may allow additional discovery. Additional discovery is also permitted by the parties' mutual agreement in writing.

**(G)    Arbitration of Claims of $10,000.00 Or Less:** If your claim seeks relief valued at $10,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, and the Arbitrator issues you an award that is greater than the value of RAC's last written settlement offer made before the Arbitrator was selected, then RAC will (i) pay you $10,000.00 ("the alternative payment"); and (ii) pay your attorney, if any, one and one half (1½) the amount of attorney's fees, and reimburse any expenses (including expert witness fees and costs), that your attorney reasonably accrued for investigating, preparing, and pursuing your claim in arbitration ("the attorney premium"). If

your claim seeks relief valued at $10,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, and RAC did not make a written offer to settle the dispute before the Arbitrator was selected, you and your attorney will be entitled to receive the alternative payment and the attorney premium, respectively, if the Arbitrator awards you any relief on the merits. The Arbitrator shall make any rulings and resolve disputes as to the payment and reimbursement of fees, expenses and the alternative payment and the attorney premium at any time during the proceeding and upon request from either party made within 14 days of the Arbitrator's ruling on the merits. The alternative payment and attorney premium are available only for arbitrations in which: (1) you seek relief valued at $10,000.00 or less (in both your and RAC's assessment); (2) you have provided RAC with 30 days' notice of the dispute as required by Paragraph (E); and (3) you have not disclosed the substance of any settlement offer by RAC to the Arbitrator before an award on the merits is issued. In assessing whether an award that includes attorneys' fees or expenses is greater than the value of RAC's last written settlement offer, the Arbitrator shall include in his or her calculations the value of any attorney's fees or expenses you reasonably incurred before RAC's settlement offer. If you are entitled to statutory attorney's fees, then the Arbitrator shall decide any award of attorney's fees, but in no event will you be entitled to a recovery of both the attorney premium and an award of attorney's fees pursuant to a statutory award of attorney's fees. If, after commencing arbitration, you amend your claim to include new or different claims or to request different or greater relief than you initially requested, the AAA or the Arbitrator shall stay further arbitration proceedings for 30 days. During that time, RAC may make a written settlement offer. If not accepted, that offer will be used by the Arbitrator to determine whether you are entitled to the alternative payment and whether your attorney, if any, is entitled to the attorney premium. If the AAA appointed an emergency arbitrator to decide a request for emergency relief before the regular Arbitrator who decides the merits of the claims may be selected, RAC's last written settlement offer made before the appointment of the later-selected regular Arbitrator shall be the offer used to determine eligibility for the alternative payment and attorney premium.

**(H)    Judicial Review:**  Judicial review shall be governed by the Federal Arbitration Act. 9 U.S.C. §§ 9-11. The decision of the Arbitrator may be entered and enforced as a final judgment in any court of competent jurisdiction.

**(I)    Arbitration Fees And Costs:**  RAC will pay all filing, administration, and arbitrator fees assessed by the AAA for any arbitration that RAC commences. RAC also will pay all such fees for any arbitration that you commence seeking relief valued at $75,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs. If, however, the Arbitrator concludes that your claim is frivolous or has been brought for an improper purpose (as measured by the standards of Federal Rule of Civil Procedure 11(b)), then the payment of all such fees shall be governed by the AAA rules, and you agree to reimburse RAC for any monies it paid on your behalf that would be your responsibility under the AAA rules. In addition, if you commence an arbitration seeking relief valued above $75,000.00 (in either your or RAC's assessment), excluding attorney's fees and costs, the payment of all such fees shall be governed by the AAA rules. The Arbitrator shall determine all factual and legal issues regarding the payment and/or apportionment of said fees and costs.

After RAC receives notice that you have commenced arbitration in accordance with this Agreement of a claim seeking relief valued at $75,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, RAC will promptly reimburse you for your payment of the filing fee. The filing fee currently is $200, but is subject to change by the AAA. If you are unable to pay this fee, RAC will pay it directly upon receiving a written request at the address listed in Paragraph (E). In the event applicable law requires a different allocation of arbitral fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

Each party shall pay for its own costs and attorney's fees, if any. However, if applicable law would entitle a party to an award of reasonable attorney's fees, or if there is a written agreement providing for attorneys' fees, the Arbitrator may award such fees as provided by law, except to the extent such an award would be barred by Paragraph (G) above.

**(J)    Interstate Commerce:**  You understand and agree that RAC is engaged in transactions involving interstate commerce, and that the Federal Arbitration Act therefore governs this Agreement.

**(K)    Sole and Entire Agreement:**  This is the complete Agreement of the parties on the subject of arbitration of claims or disputes. This Agreement to arbitrate shall survive the termination of any Consumer Contract you entered into with RAC. Unless this Agreement in its entirety is deemed void, unenforceable or invalid, this Agreement supersedes any prior or contemporaneous oral or written understandings on the subject. No party is relying on any

representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.

**(L)**    **Construction:**    Except as provided above in Paragraph (D) above, if any provision of this Agreement is adjudged to be void or voidable or otherwise unenforceable, in whole or in part, such provision shall be severed from this Agreement, and the adjudication shall not affect the validity of the remainder of the Agreement. All remaining provisions shall remain in full force and effect. A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement. You and RAC agree that an executed electronic copy or photocopy of this Agreement shall have the same force and effect as the original.

**(M)**    **Consideration:**    The mutual obligations by you and RAC to arbitrate differences provide consideration for each other.

### ACKNOWLEDGEMENT

BY SIGNING BELOW, YOU ACKNOWLEDGE THAT: (1) YOU HAVE READ THIS ENTIRE ARBITRATION AGREEMENT CAREFULLY; (2) YOU ARE ENTERING INTO THIS ARBITRATION AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS ARBITRATION AGREEMENT; (3) YOU HAVE THE RIGHT TO REJECT THIS ARBITRATION AGREEMENT IN ACCORDANCE WITH PARAGRAPH (A) ABOVE; AND (4) YOU HAVE BEEN PROVIDED WITH A DUPLICATE COPY OF THIS ARBITRAITION AGREEMENT. \\\\\\\\\\\\END OF AGREEMENT\\\\\\\\\\\\\\

AGREED TO: (Only Signatures Follow)

### SIGNATURES

Date: _____3/9/2020_____

DocuSigned by:

*SHANNON MCBURNIE*
—09E74447CF5C426—

Signature - Consumer

**SHANNON MCBURNIE**

Printed Name

Date: _____

Signature - Consumer

Printed Name

Date: _____3/9/2020_____

Signature - RAC Representative

Jim Villalon

Printed Name

Exhibit 3
Page 9

Exhibit 4

**RENT-A-CENTER/ACCEPTANCE NOW
CONSUMER ARBITRATION AGREEMENT**

Date: ___Jan 18, 2017_____                    REDACTED

Consumer Lease, Rental-Purchase Agreement, or Retail Installment Sale Contract
Agreement Number _____

**PLEASE READ THIS ARBITRATION AGREEMENT. IT IS BINDING AND ENFORCEABLE UNLESS
YOU SEND IN A REJECTION NOTICE, AS SET OUT IN PARAGRAPH (A) BELOW.**

This Arbitration Agreement ("Agreement") is between RAC and the Consumer. As used in this Agreement, the term "Consumer" or "Consumers" mean the customers who sign this Agreement. The term "Consumer Contract" means the consumer lease, rental-purchase agreement, or retail installment contract between the Consumers and RAC. The terms "you" and "your" mean the Consumer, customer, lessee, renter, user, buyer, and other third-party beneficiaries of the items or services RAC is providing, will provide, or has provided to you. And the term "RAC" means Rent-A-Center, its parents, subsidiaries, affiliate entities (including but not limited to Acceptance Now), predecessors or successors in interest, officers, directors, employees, assigns, or agents acting in such capacity. The Federal Arbitration Act (9 U.S.C. § 1-16) ("FAA") governs this Agreement, which evidences a transaction involving interstate commerce.

Except as otherwise provided in this Agreement, you and RAC hereby agree that, in the event of any dispute or claim between us, either you or RAC may elect to have that dispute or claim resolved by binding arbitration on an individual basis in accordance with the terms and procedures set forth in this Agreement.

**(A)      Your Right to Reject:   If you want to reject this Arbitration Agreement, you must send a written Rejection Notice, by certified mail, return receipt requested, to: Rent-A-Center Legal Department, 5501 Headquarters Drive, Plano, TX 75024-5837. The Rejection Notice must: (i) state that you are rejecting this Agreement; (ii) provide your name, address, and phone number; <u>and</u> (iii) provide the agreement number from the Consumer Contract you entered into with RAC, which is incorporated in this Agreement as though fully set forth.  A Rejection Notice is effective only if it is signed by all Consumers who signed the Consumer Contract with RAC and postmarked within 15 days after the date of the execution of this Agreement.  RAC will acknowledge your rejection in writing.  You should retain the acknowledgement to establish rejection of this Agreement. If you do not receive the acknowledgement from RAC within 15 days from the date you sent your Rejection Notice to RAC, then you should contact the RAC Legal Department by mail or by email at arbitration.reject@rentacenter.com.  A Rejection Notice applies only to this Agreement and does not affect the validity or enforceability of any past or future Arbitration Agreements between you and RAC.**

**(B)      What Claims Are Covered:**   You and RAC agree that, in the event of **any dispute or claim between us,** either you or RAC may elect to have that dispute or claim resolved by binding arbitration.  This agreement to arbitrate is intended to be interpreted as broadly as the FAA allows.  Claims subject to arbitration include, but are not limited to:

- claims arising under, arising out of, or relating in any way to any Consumer Contract entered into between you and RAC at any time, and/or any services rendered under or that relate to any such Consumer Contract;
- claims that arose before the execution of this Agreement or any current or prior Consumer Contract between you and RAC, such as claims related to advertising or disclosures;
- claims that arise after the termination of any Consumer Contract between you and RAC;
- claims that are based on any legal theory whatsoever, including negligence, breach of contract, tort, fraud, misrepresentation, trespass, the common law, or any statute, regulation or ordinance;
- except as specified in Paragraph (C) below, claims that are asserted in a lawsuit in court, including class actions in which you are not a member of a certified class, which the defendant (or counterclaim defendant) elects to have resolved by binding arbitration; and

Exhibit 4
Page 10

- except as specified in Paragraph (D) below, any and all disputes relating to the interpretation, applicability, enforceability or formation of this Agreement, including, but not limited to, any contention that all or any part of this agreement to arbitrate is void or voidable.

**(C)**    **Small Claims Court Option:**    Notwithstanding the foregoing, you and RAC each have the right to file an action in small claims court that would be permissible under Paragraph (D) if brought in arbitration and that is within the jurisdiction of the small claims court. The defendant or counterclaim defendant in such a small claims court action may not elect to have the claim resolved by binding arbitration.

**(D)**    **Requirement of Individual Arbitration:** You and RAC agree that arbitration shall be conducted on an individual basis, and that neither you nor RAC may seek, nor may the Arbitrator award, relief that would affect RAC account holders other than you. There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, mass, private attorney general, or representative action. Nor shall the Arbitrator have any authority to hear or preside over any such dispute or to join or consolidate arbitrations involving more than one consumer unless RAC and the affected consumers all agree in writing. In addition, although the Arbitrator shall be bound by rulings in prior arbitrations involving the same customer to the extent permitted by applicable law, the Arbitrator shall not be bound by rulings in prior arbitrations involving different customers. Regardless of anything else in your Consumer Contract, this Agreement, or the arbitration provider's rules or procedures, the interpretation, applicability, and enforceability of this Paragraph, including, but not limited to, any claim that all or part of this Paragraph is void or voidable, may be determined only by a court. Any such court challenge shall be governed by the law of the customer's mailing address at the time the dispute arises, but only to the extent permitted and not preempted by the FAA or other federal law. If there is a final judicial determination that applicable law precludes enforcement of this Paragraph's limitations as to a particular claim for relief, then that claim (and only that claim) must be severed from the arbitration and may be brought in court.

**(E)**    **Starting or Initiating Arbitration:**    A party who intends to seek arbitration must first send to the other, by certified mail, return receipt requested, a written Notice of Dispute. A Notice of Dispute to RAC should be addressed to: Rent-A-Center Legal Department, 5501 Headquarters Drive, Plano, TX 75024-5837. Notices of Dispute to you will be sent to you at the last known address you provided to RAC. A Notice of Dispute must (i) provide your name, address, phone number, and Consumer Contract number; (ii) describe the nature and basis of the claim or dispute; and (iii) set forth the specific relief sought. You and RAC agree that any statute of limitations applicable to any claims described in a Notice of Dispute shall be deemed to be tolled for 30 days after receipt of that Notice of Dispute.

If RAC and you do not reach an agreement to resolve the claim within 30 days after the Notice is received, you or RAC may commence an arbitration with the American Arbitration Association ("AAA") by sending written notice to the other party **and** to the AAA by certified mail, return receipt requested. A written request for arbitration should be made as soon as possible after the event or events in dispute so that the arbitration of any differences may take place promptly. Requests for arbitration by you should be sent to: Rent-A-Center's Legal Department, 5501 Headquarters Drive, Plano, Texas 75024-5837. Requests for arbitration by RAC will be sent to you at the last known address you provided to RAC. Requests for arbitration also should be sent to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. The AAA's current address also may be found on its web site at www.adr.org. Requests for arbitration must be clearly marked "Request for Arbitration," include your name, address, phone number, and Consumer Contract number, and provide a short statement of the claim and the relief that is being sought.

**(F)**    **The Arbitration Process:**    Arbitration is more informal than a lawsuit in court. **In arbitration you and RAC each give up the right to a trial by jury.** The arbitration will be administered by the American Arbitration Association ("AAA"), and except as provided in this Agreement, shall proceed in accordance with the AAA's Commercial Arbitration Rules, Optional Rules for Emergency Measures, and Supplementary Procedures for Consumer Related Disputes ("AAA Rules") in effect at the time the arbitration commences. The AAA rules are available at **www.adr.org,** or **by calling the AAA at 1-800-778-7879 or its then current telephone number** as provided on its web site, or by sending a written request to: **The American Arbitration Association, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043.** If the AAA is unavailable or unwilling to administer the matter, the Parties may agree to or a court of competent jurisdiction shall select another arbitration provider to administer the arbitration or otherwise fulfill the duties of the AAA under this Agreement. Any such substitute arbitration provider shall apply the AAA rules, as modified by this Agreement. Unless the parties agree otherwise, the Arbitrator shall be

Exhibit 4
Page 11

either an attorney who is experienced in commercial law and licensed to practice law in at least one state or a retired judge from any jurisdiction (the "Arbitrator").   Unless the parties agree otherwise, the arbitration shall take place in the U.S. city or county in which you reside at the time arbitration is commenced.

For claims seeking relief valued at $75,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, the AAA shall appoint the Arbitrator in accordance with its rules and procedures.  For all claims seeking relief above $75,000.00 in value (in either your or RAC's assessment), excluding attorney's fees and costs, unless prohibited by the AAA (in which case the AAA's rules and procedures for arbitrator selection shall apply), the Arbitrator shall be selected as follows:  The AAA shall give each party a list of five (5) arbitrators drawn from its roster of arbitrators. Each party shall have ten (10) calendar days from the receipt of the list to strike all names on the list it deems unacceptable.  If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator.  If more than one common name remains on the lists of both parties, the parties shall strike names alternately from the list of common names until only one remains.  The party who did not initiate arbitration shall strike first.  If no common name remains on the lists of all parties, the AAA shall furnish an additional list of five (5) arbitrators from which the parties shall strike alternately, with the party who initiated arbitration striking first, until only one name remains.  That person shall be designated as the Arbitrator.  Regardless of the value of the claims, if either you or RAC requests emergency relief before the Arbitrator may be appointed, the AAA shall appoint an emergency arbitrator in accordance with the AAA Optional Rules for Emergency Measures of Protection.

Subject to the limitations in Paragraph (D) above, the Arbitrator may award any party any remedy to which that party is entitled under applicable law (including without limitation, legal, equitable and injunctive relief), but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. Except to the extent preempted by the FAA, the Arbitrator shall apply the substantive law including, but not limited to, the applicable statutes of limitations (and the law of remedies, if applicable) of the state of the customer's mailing address with RAC at the time arbitration commences, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary.  The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party.

Any party may arrange for a court reporter to provide a stenographic record of the proceedings in accordance with the AAA rules.  Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon the evidence that is presented.  Upon request at the close of the hearing, either party shall be given leave to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award by reasoned written opinion no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later, unless the parties agree otherwise.  The opinion shall be in writing and include the factual and legal basis for the award.  Before the Arbitrator issues this award, neither RAC nor you should disclose the substance of any settlement offers to the Arbitrator.

Each party shall have the right to take the deposition of one individual and any expert witnesses designated by the other party.  Each party shall have the right to send requests for production of documents to any party, consistent with applicable legal privileges, the informal and expedited nature of arbitration, and each party's right to a fundamentally fair hearing.  At either party's request, the Arbitrator may allow additional discovery.  Additional discovery is also permitted by the parties' mutual agreement in writing.

**(G)      Arbitration of Claims of $10,000.00 Or Less:**  If your claim seeks relief valued at $10,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, and the Arbitrator issues you an award that is greater than the value of RAC's last written settlement offer made before the Arbitrator was selected, then RAC will (i) pay you $10,000.00 ("the alternative payment"); and (ii) pay your attorney, if any, one and one half (1½) the amount of attorney's fees, and reimburse any expenses (including expert witness fees and costs), that your attorney reasonably accrued for investigating, preparing, and pursuing your claim in arbitration ("the attorney premium").  If

Exhibit 4
Page 12

your claim seeks relief valued at $10,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, and RAC did not make a written offer to settle the dispute before the Arbitrator was selected, you and your attorney will be entitled to receive the alternative payment and the attorney premium, respectively, if the Arbitrator awards you any relief on the merits. The Arbitrator shall make any rulings and resolve disputes as to the payment and reimbursement of fees, expenses and the alternative payment and the attorney premium at any time during the proceeding and upon request from either party made within 14 days of the Arbitrator's ruling on the merits. The alternative payment and attorney premium are available only for arbitrations in which: (1) you seek relief valued at $10,000.00 or less (in both your and RAC's assessment); (2) you have provided RAC with 30 days' notice of the dispute as required by Paragraph (E); and (3) you have not disclosed the substance of any settlement offer by RAC to the Arbitrator before an award on the merits is issued. In assessing whether an award that includes attorneys' fees or expenses is greater than the value of RAC's last written settlement offer, the Arbitrator shall include in his or her calculations the value of any attorney's fees or expenses you reasonably incurred before RAC's settlement offer. If you are entitled to statutory attorney's fees, then the Arbitrator shall decide any award of attorney's fees, but in no event will you be entitled to a recovery of both the attorney premium and an award of attorney's fees pursuant to a statutory award of attorney's fees. If, after commencing arbitration, you amend your claim to include new or different claims or to request different or greater relief than you initially requested, the AAA or the Arbitrator shall stay further arbitration proceedings for 30 days. During that time, RAC may make a written settlement offer. If not accepted, that offer will be used by the Arbitrator to determine whether you are entitled to the alternative payment and whether your attorney, if any, is entitled to the attorney premium. If the AAA appointed an emergency arbitrator to decide a request for emergency relief before the regular Arbitrator who decides the merits of the claims may be selected, RAC's last written settlement offer made before the appointment of the later-selected regular Arbitrator shall be the offer used to determine eligibility for the alternative payment and attorney premium.

**(H)      Judicial Review:**  Judicial review shall be governed by the Federal Arbitration Act. 9 U.S.C. §§ 9-11. The decision of the Arbitrator may be entered and enforced as a final judgment in any court of competent jurisdiction.

**(I)      Arbitration Fees And Costs:**  RAC will pay all filing, administration, and arbitrator fees assessed by the AAA for any arbitration that RAC commences. RAC also will pay all such fees for any arbitration that you commence seeking relief valued at $75,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs. If, however, the Arbitrator concludes that your claim is frivolous or has been brought for an improper purpose (as measured by the standards of Federal Rule of Civil Procedure 11(b)), then the payment of all such fees shall be governed by the AAA rules, and you agree to reimburse RAC for any monies it paid on your behalf that would be your responsibility under the AAA rules. In addition, if you commence an arbitration seeking relief valued above $75,000.00 (in either your or RAC's assessment), excluding attorney's fees and costs, the payment of all such fees shall be governed by the AAA rules. The Arbitrator shall determine all factual and legal issues regarding the payment and/or apportionment of said fees and costs.

After RAC receives notice that you have commenced arbitration in accordance with this Agreement of a claim seeking relief valued at $75,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, RAC will promptly reimburse you for your payment of the filing fee. The filing fee currently is $200, but is subject to change by the AAA. If you are unable to pay this fee, RAC will pay it directly upon receiving a written request at the address listed in Paragraph (E). In the event applicable law requires a different allocation of arbitral fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

Each party shall pay for its own costs and attorney's fees, if any. However, if applicable law would entitle a party to an award of reasonable attorney's fees, or if there is a written agreement providing for attorneys' fees, the Arbitrator may award such fees as provided by law, except to the extent such an award would be barred by Paragraph (G) above.

**(J)      Interstate Commerce:**  You understand and agree that RAC is engaged in transactions involving interstate commerce, and that the Federal Arbitration Act therefore governs this Agreement.

**(K)      Sole and Entire Agreement:**  This is the complete Agreement of the parties on the subject of arbitration of claims or disputes. This Agreement to arbitrate shall survive the termination of any Consumer Contract you entered into with RAC. Unless this Agreement in its entirety is deemed void, unenforceable or invalid, this Agreement supersedes any prior or contemporaneous oral or written understandings on the subject. No party is relying on any

Exhibit 4
Page 13

representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.

**(L)    Construction:**    Except as provided above in Paragraph (D) above, if any provision of this Agreement is adjudged to be void or voidable or otherwise unenforceable, in whole or in part, such provision shall be severed from this Agreement, and the adjudication shall not affect the validity of the remainder of the Agreement. All remaining provisions shall remain in full force and effect. A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement. You and RAC agree that an executed electronic copy or photocopy of this Agreement shall have the same force and effect as the original.

**(M)    Consideration:**    The mutual obligations by you and RAC to arbitrate differences provide consideration for each other.

### ACKNOWLEDGEMENT

BY SIGNING BELOW, YOU ACKNOWLEDGE THAT:    (1) YOU HAVE READ THIS ENTIRE ARBITRATION AGREEMENT CAREFULLY; (2) YOU ARE ENTERING INTO THIS ARBITRATION AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS ARBITRATION AGREEMENT; (3) YOU HAVE THE RIGHT TO REJECT THIS ARBITRATION AGREEMENT IN ACCORDANCE WITH PARAGRAPH (A) ABOVE; AND (4) YOU HAVE BEEN PROVIDED WITH A DUPLICATE COPY OF THIS ARBITRAITION AGREEMENT. \\\\\\\\\\\\END OF AGREEMENT\\\\\\\\\\\\\\

AGREED TO:    (Only Signatures Follow)

### SIGNATURES

Date: 1/18/17

Signed via click-through AcceptanceNOW web portal.
APRIL SPURELL
2017-01-18 15:01:72
Signature - Consumer

APRIL SPURELL
Printed Name

Date: _____

Signature - Consumer

Printed Name

Date: 1/18/17

Signature – RAC Representative

Jim Villalon
Printed Name

Consumer Arbitration Agreement Page 5 of 5
RACARB1E V3.2 REV. 10/28/2013
©Rent-A-Center West, Inc. 2011

Exhibit 4
Page 14

📑 **COPY**

ENDORSED
FILED
ALAMEDA COUNTY

DEC 11 2020

CLERK OF THE SUPERIOR COURT
By _____
                                      Deputy

FILE BY FAX

1  JAMES T. HANNINK (131747)
   jhannink@sdlaw.com
2  ZACH P. DOSTART (255071)
   zdostart@sdlaw.com
3  DOSTART HANNINK & COVENEY LLP
   4180 La Jolla Village Drive, Suite 530
4  La Jolla, California 92037-1474
   Tel: 858-623-4200
5  Fax: 858-623-4299

6  MICHAEL RUBIN (80618)
   mrubin@altber.com
7  CONNIE K. CHAN (284230)
   cchan@altber.com
8  ALTSHULER BERZON LLP
   177 Post Street, Suite 300
9  San Francisco, CA 94108
   Tel: (415) 421-7151
10 Fax: (415) 362-8064

11 Attorneys for Plaintiffs

12

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                          COUNTY OF ALAMEDA

15

16  SHANNON McBURNIE,                    CASE NO. **R G 2 0 0 8 3 8 0 8**
    APRIL SPRUELL,
17  individually and on behalf of all others    DECLARATION OF ZACHARIAH P.
    similarly situated,                  DOSTART PURSUANT TO CALIFORNIA
18                                        CIVIL CODE SECTION 1780(d)

19                Plaintiff,

20  vs.

21  ACCEPTANCE NOW, LLC,
    a Delaware limited liability company;
22  and DOES 1-50, inclusive,

23                Defendants.

24

25

26

27

28

DECLARATION OF ZACHARIAH P. DOSTART

1  I, Zachariah P. Dostart, declare as follows:

2  1.  My review of defendant Acceptance Now, LLC's ("Acceptance Now") website

3  ([www.acceptancenow.com](www.acceptancenow.com)) (last visited December 10, 2020) reflects that Acceptance Now does

4  business through retail locations in Alameda County, including but not limited to the Ashley

5  Furniture Homestore located at 3839 Emery Street, Emeryville, California.  That is the location

6  where plaintiffs Shannon McBurnie and April Spruell entered into their respective rental-purchase

7  agreements with Acceptance Now, as reflected in the rental-purchase agreements submitted as

8  Exhibits 1 and 2 to the Complaint.

9  I declare under penalty of perjury under the laws of the State of California that the foregoing

10 is true and correct.  Executed on December 11, 2020, at San Diego, California.

11

12

13 _____
   ZACHARIAH P. DOSTART

935994.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

DECLARATION OF ZACHARIAH P. DOSTART

Dostart Hannick & Coveney LLP
Attn: Dostart, Zach P.
4180 La Jolla Village Drive
Suite 530
La Jolla, CA  92037-1474

Acceptance Now, LLCa Delaware
limited liability company

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Mcburnie<br><br>               Plaintiff/Petitioner(s)<br><br>        VS.<br><br>Acceptance Now, LLCa Delaware limited liability<br>              Defendant/Respondent(s)<br>        (Abbreviated Title) | No. <u>RG20083808</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

        Complex Determination Hearing
        Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 02/10/2021    TIME: 09:00 AM    DEPARTMENT: 21
LOCATION:  Administration Building, Fourth Floor
             1221 Oak Street, Oakland

Case Management Conference:
DATE: 03/10/2021    TIME: 09:00 AM    DEPARTMENT: 21
LOCATION:  Administration Building, Fourth Floor
             1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 01/06/2021                 Chad Finke  Executive Officer / Clerk of the Superior Court

                                  By  _____

                                                                Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 01/07/2021.

                                  By  _____

                                                                Deputy Clerk