UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON MCBURNIE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACCEPTANCE NOW, LLC,<br><br>Defendant. | Case No. 3:21-cv-01429-JD<br><br>**ORDER RE SEALING MOTION** |

A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021). Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts. This is why the business of the federal judiciary is done in open court.

In limited circumstances, there may be grounds for curtailing public access. This is an exception to the rule, and so a party requesting that a document or evidence be sealed from the public needs to present a good reason explaining why. A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions such as a summary judgment motion. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *DZ Rsrv. v. Facebook, Inc.*, No. 18-cv-04978-JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021).

The sealing issue here began when plaintiffs filed a discovery dispute letter that contained information from materials that defendant RAC Acceptance East, LLC (RAC) had produced and designated as "confidential" pursuant to a protective order. Dkt. Nos. 50, 51. As required by Civil Local Rule 79-5, plaintiffs filed the initial notice of sealing for documents obtained during

discovery that had been designated as confidential under the protective order. Dkt. No. 50. Civil Local Rule 79-5 requires the party that produced the documents, here RAC, to state why they should be sealed, and propose ways of tailoring sealing to the narrowest possible scope.

RAC filed a statement in which it argued that the entire discovery dispute letter, not just the portions that plaintiffs highlighted for redaction, should be sealed. Dkt. No. 53. That is because the letter "quotes information from RAC's profit and loss statements," which are allegedly "confidential and contain sensitive financial information." *Id.* at 3. RAC offers perfunctory claims that the underlying documents contain "confidential and commercially sensitive information," and that this information "is exactly the kind . . . that will harm a party's competitive strategy." *Id.* at 4. "Such conclusory and unsupported formulations, which for example do not explain how a competitor would use the information to obtain an unfair advantage, are insufficient for sealing." *DZ Rsrv.*, 2021 WL 75734, at *1.

RAC's request to seal the entire discovery letter also violates our District's local rules. A sealing request must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). It is clearly not necessary that the entire discovery dispute letter -- including background information about RAC's operations in California and the practices at issue in this lawsuit, Dkt. No. 51 at 1 -- be sealed. RAC's request to seal the discovery dispute letter is denied.

Plaintiffs are directed to file an unredacted version of their letter, Dkt. No. 51, within seven days of this order. Civ. L.R. 79-5(g). Plaintiffs' request for leave to file exemplar profit and loss statements in connection with the underlying discovery dispute, Dkt. No. 50 at 1, is denied without prejudice to renewal as circumstances warrant.

**IT IS SO ORDERED.**

Dated: February 22, 2023

JAMES DONATO
United States District Judge