JAMES T. HANNINK (131747)
jhannink@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART HANNINK LLP
4225 Executive Square, Suite 600
La Jolla, California 92037-1484
Tel: (858) 623-4200
Fax: (858) 623-4299

MICHAEL RUBIN (80618)
mrubin@altber.com
CONNIE K. CHAN (284230)
cchan@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHANNON McBURNIE and APRIL SPRUELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ACCEPTANCE NOW, LLC, a Delaware limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 3:21-cv-01429-JD<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: March 12, 2026<br>Time: 11:00 a.m.<br>Ctrm.: 11 (19th Floor)<br>Judge: Hon. James Donato |

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 12, 2026, at 11:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 11 on the 19th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable James Donato presiding, plaintiffs and class representatives Shannon McBurnie and April Spruell will and hereby do move for an order granting final approval of the class action settlement with defendant RAC Acceptance East, LLC.

This motion is made pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and is made on the ground that the settlement is fair, reasonable, and adequate.

This motion is based on this notice, the attached memorandum of points and authorities, the declarations of Zachariah P. Dostart and Jason Rabe filed herewith, the court record in this action, and any argument or evidence as the Court may consider at the hearing of this motion.

DATED: February 5, 2026

ALTSHULER BERZON LLP
DOSTART HANNINK LLP

_____
MICHAEL RUBIN
Attorneys for Plaintiffs

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

III. SUMMARY OF SETTLEMENT ADMINISTRATION TO DATE ................................ 2

    A. CAFA Notice Has Been Completed ................................................................... 2

    B. Class Notice Has Been Completed ...................................................................... 2

    C. To Date, There Are No Opt-Outs or Objections .................................................. 3

IV. THE SETTLEMENT WARRANTS FINAL APPROVAL ............................................. 3

    A. Overview of Settlement Terms ............................................................................ 3

    B. The Standard for Final Approval ......................................................................... 4

    C. Stage of the Proceedings ...................................................................................... 5

    D. The Strength of Plaintiffs' Claims, the Settlement Amount, and the Risks and Expense of Further Litigation ....................................................................... 5

    E. The Experience and Views of Counsel ............................................................... 6

    F. Reaction of the Class to the Settlement ............................................................... 6

V. CONCLUSION ................................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Blair v. Rent-A-Center, Inc.*,
 Case No. 3:17-cv-02335-WHA (N.D. Cal.) .................................................................... 4, 5, 6

*Cancilla v. Ecolab, Inc.*,
 No. 12-cv-03001-JD, 2016 U.S. Dist. LEXIS 818 (N.D. Cal. Jan. 5, 2016) ........................... 6

*Franklin v. Kaypro Corp.*,
 884 F.2d 1222 (9th Cir. 1989) ................................................................................................ 4

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ................................................................................................ 4

*Officers for Justice v. Civil Serv. Comm'n*,
 688 F.2d 615 (9th Cir. 1982) .................................................................................................. 4

*Torrisi v. Tucson Elec. Power Co.*,
 8 F.3d 1370 (9th Cir. 1993) .................................................................................................... 4

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
 396 F.3d 96 (2d Cir. 2005) ..................................................................................................... 4

**Federal Statutes**

Class Action Fairness Act, 28 U.S.C.
 § 1715 ..................................................................................................................................... 2

**California Statutes**

Karnette Rental-Purchase Act, Cal. Civ. Code
 §§ 1812.620 *et seq.* ............................................................................................................ 1, 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This motion seeks final approval of a class action settlement on behalf of California consumers who paid a processing fee when they entered into rental-purchase agreements with defendant RAC Acceptance East, LLC ("RAC") between December 11, 2016 and June 30, 2021. The settlement provides a non-reversionary cash recovery of $14 million.

The Court granted preliminary approval on October 31, 2025 (Dkt. No. 163), and class notice was disseminated soon thereafter. A separate motion for attorneys' fees, litigation expenses, and class representative service awards was filed on January 5, 2026. The deadline for class members to opt out or object to the settlement is February 9, 2026. As of the filing of this motion, there are no objections to any aspect of the settlement, and there are no opt-outs. The same considerations that supported preliminary approval now warrant final approval.

**II.   BACKGROUND**

The principal claim in this case is for violation of the Karnette Rental-Purchase Act, Cal. Civ. Code §§1812.620 *et seq*., which regulates sales practices in the rent-to-own industry. As pertinent here, the Karnette Act precludes a lessor from charging any fee that is not both "reasonable" and "an actual cost incurred by the lessor." Cal. Civ. Code §1812.624(a)(7). Plaintiffs allege that the $45 processing fee RAC charged to its California customers did not reflect an "actual cost incurred" by RAC and was not reasonable.

The procedural background has been described in prior filings, including the motion for preliminary approval (Dkt. No. 161) and the pending motion for award of attorneys' fees, litigation expenses, and class representative service awards (Dkt. No. 165). For the sake of brevity and in keeping with the Northern District's Procedural Guidance for Class Action Settlements, the procedural background from those motions is incorporated herein by reference. It is sufficient now to recite just a few procedural events for context. The Complaint was filed on December 11, 2020. After removal, the parties undertook extensive discovery, case-critical motions, and multiple appellate proceedings. Class certification was granted on June 6, 2025, at which time the Court appointed the two named plaintiffs as class representatives and the undersigned as Class Counsel.

1

1  Dkt. No. 151. The parties reach a settlement in August 2025 with the assistance of a private
2  mediator. The Court granted preliminary approval on October 31, 2025. Dkt. No. 163.

3  **III.   SUMMARY OF SETTLEMENT ADMINISTRATION TO DATE**

4      **A.   CAFA Notice Has Been Completed**

5      To satisfy the requirements of 28 U.S.C. § 1715(b), RAC provided notice of the settlement
6  to the appropriate federal and state officials on September 11, 2025. *See* Declaration of Zachariah
7  P. Dostart in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Dostart
8  Decl.") ¶ 2 & Ex. 1.

9      **B.   Class Notice Has Been Completed**

10      Using data files produced by RAC, the Settlement Administrator (Rust Consulting, Inc.)
11  compiled a master list of 66,960 class members (the "Class List"). Declaration of Jason Rabe
12  Regarding Settlement Administration ("Rabe Decl.") ¶ 2. On November 26, 2025, the Settlement
13  Administrator sent the Court-approved Summary Class Notice by email to the 64,889 class members
14  on the Class List for whom an email address was available and by mail to the 2,071 class members
15  on the Class List for whom an email address was not available. Rabe Decl. ¶ 3 & Exs. 1-2. Of the
16  emailed notices, 10,130 bounced back as undeliverable, so the Settlement Administrator mailed the
17  Summary Class Notice to those individuals. *Id.* ¶ 5. Through January 17, 2026, a total of 2,232
18  mailed notices were returned by the Post Office without a forwarding address. *Id.* ¶ 6. The
19  Settlement Administrator ran skip traces for those individuals, located new address information for
20  1,489 of them, and remailed the notice to the new addresses. *Id.* Subsequently, an additional 97
21  mailed notices were returned by the Post Office without a forwarding address. The Settlement
22  Administrator will run skip traces for those individuals during the distribution phase of
23  administration. *Id.* ¶ 7. As a result of the foregoing efforts, Rust believes notice was successfully
24  delivered by email or mail to approximately 98.7% of the class members. *Id.* ¶ 8.

25      The Settlement Administrator also established a Settlement Website. Rabe Decl. ¶ 9. The
26  Settlement Website contains information about the case and provides links to pertinent documents,
27  including the Complaint and Answer, the order granting class certification, the Settlement
28  Agreement, the motion for preliminary approval, and the Long Form notice. *Id.* Promptly after the

motion for award of attorneys' fees, litigation expenses, and class representative service awards was filed on January 5, 2026, a copy of that motion was also posted to the Settlement Website. *Id.*

The Settlement Administrator also established a toll-free telephone number. Rabe Decl. ¶ 10. By calling the toll-free number, class members are able to obtain information through interactive voice recognition FAQs. *Id.* The Settlement Administrator also established a dedicated email address through which class members can communicate by email. *Id.* ¶ 11.

### C. To Date, There Are No Opt-Outs or Objections

February 9, 2026, is the deadline for class members to submit a request for exclusion. As of February 4, 2026, the Settlement Administrator has not received any requests for exclusion. Rabe Decl. ¶ 12. February 9, 2026 is also the deadline for class members to submit an objection to the Clerk's office. As of the filing of this motion, there are no objections on the docket.

## IV. THE SETTLEMENT WARRANTS FINAL APPROVAL

### A. Overview of Settlement Terms

The settlement provides non-reversionary cash consideration of $14 million. RAC will pay that entire amount into the settlement fund no later than 14 days after the date on which the Court enters an order granting final approval. Agreement at Section VI.A (Dkt. No. 161-1 at Page 22). Separate and apart from that $14 million payment, RAC is obligated to pay all expenses of class notice and administration. *Id*. at Section VI.B. After deduction of Court-approved attorneys' fees, litigation expenses, and class representative service awards, the remaining amount (the "Net Settlement Amount") will be available for distribution to class members.

There is no claims procedure. All class members who do not opt out ("Participating Class Members") will be entitled to receive the dollar amount charged by RAC for processing fees in connection with their respective rental-purchase transactions. Agreement at Section XI.A.1. In addition, those Participating Class Members who entered into rental-purchase transactions within one year predating the filing of the Complaint (i.e., on or after December 11, 2019) will be entitled to receive an additional amount for statutory damages. *Id*. at Section XI.A.2.

In the motion for preliminary approval, plaintiffs provided detailed information responsive to the Northern District's Procedural Guidance for Class Action Settlements, including discussion

of the class definition and release, the settlement recovery compared to the potential recovery at trial, the allocation plan, the notice plan, the proposed *cy pres* recipient, and the comparable settlement in *Blair v. Rent-A-Center, Inc.*, Case No. 3:17-CV-02335-WHA (N.D. Cal.). This Court granted preliminary approval, finding that "[t]he Settlement is fair, adequate, and reasonable as to all class members when balanced against the cost and uncertainty associated with further litigation." Dkt. No. 163 at Page 1.

### B. The Standard for Final Approval

The policy of the federal courts is to encourage settlement before trial. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989). The "universal standard" in evaluating the fairness of a settlement is whether the settlement is "fundamentally fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (citations omitted).

A proposed settlement is presumptively fair when: (1) it is reached through arm's-length negotiations; (2) the putative class is represented by experienced counsel; and (3) the parties have conducted sufficient discovery. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (citation omitted). Those factors are satisfied in this case. The settlement is the product of arm's-length, non-collusive negotiations under the auspices of an experienced mediator; the class is represented by experienced counsel; and the parties exchanged a significant amount of information through the discovery process, permitting plaintiffs and Class Counsel to make an informed recommendation about the settlement.

In evaluating the fairness of a settlement, the district court may weigh a variety of factors, including "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citations omitted). The relative degree of importance to be attached to any particular factor depends upon the circumstances of each case. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). Plaintiffs believe that the pertinent factors warrant approval of this settlement.

### C. Stage of the Proceedings

The parties plainly have exchanged sufficient information to enable plaintiffs and Class Counsel to evaluate the case and enter into the proposed settlement. The discovery in this case was extensive, including 31 sets of written discovery, voluminous document production, five expert reports, eight depositions, and six discovery disputes presented to the Court. Dostart Decl. ¶ 5. The settlement was reached only after the Court entered its orders concerning RAC's motion to compel arbitration and plaintiffs' motion for class certification, after appellate proceedings in which RAC challenged the order denying arbitration, after denial of RAC's Rule 23(f) petition seeking interlocutory appeal of the class certification order, after judicial resolution of key discovery disputes, and after several settlement attempts—spread over several years—that included a settlement conference with Magistrate Judge Alex Tse and two private mediations. *Id.*

### D. The Strength of Plaintiffs' Claims, the Settlement Amount, and the Risks and Expense of Further Litigation

For the same reasons explained in the motion for preliminary approval, these factors likewise weigh in favor of final approval. Although plaintiffs believe in the substantive merit of their claim, further litigation would entail material risk. On the merits, RAC continues to contend that it complied with section 1812.624(a)(7) of the Karnette Act—and thus had no liability—because its processing fee revenue was less than the expenses it incurred when performing business operations necessary for customer acquisition, application and order processing, and order fulfillment. Apart from liability issues, RAC provided an exhaustive expert report in support of its affirmative defense of set-off, and RAC also presented a statutory construction that, if adopted, would have materially reduced the amount of a class recovery. Moreover, absent a settlement, RAC would have had the right to pursue a post-trial appeal of the class certification order.

As explained in the motion for preliminary approval, this settlement provides a recovery of between 76.9% and 114.3% of the damages that potentially could be recovered at trial. *See* Dkt. No. 161 at Pages 10-11. That, of course, *assumes* a finding of liability, which RAC continues to dispute. This settlement compares favorably to the one in *Blair v. Rent-A-Center, Inc.*, Case No. 3:17-cv-02335-WHA (N.D. Cal.), which involved a Karnette Act claim based on a different

statutory provision than the one at issue here. After several years of litigation, the *Blair* case concluded with a $13 million settlement approved by Judge Alsup, which represented a recovery of 76.8% of potential statutory damages. Dostart Decl. ¶ 6. Here, considering the disputed issues that remain, and considering the expenditure of judicial and party resources that further litigation through trial and appeal would entail, this settlement merits approval.

### E.   The Experience and Views of Counsel

As previously stated in support of the motion for preliminary approval, Class Counsel are confident that the settlement is fair, reasonable, and in the best interests of the class members.

### F.   Reaction of the Class to the Settlement

Class members were given 75 days after the Notice Date to opt out or object (the deadline is February 9, 2026). With just a few days remaining until the deadline, the response of class members has been overwhelmingly positive: as yet, there are no opt-outs and no objections to any aspect of the settlement, including the requested attorneys' fees, litigation expenses, and service awards. This response of class members weighs strongly in favor of approval. *Cancilla v. Ecolab, Inc.*, No. 12-cv-03001-JD, 2016 U.S. Dist. LEXIS 818, at *9 (N.D. Cal. Jan. 5, 2016) (citations omitted) ("no class members have objected to the proposed settlement, which is a significant factor in favor of final approval"). In the event any opt-outs or objections are made by the February 9 deadline, Class Counsel will promptly advise the Court in a supplemental filing.

## V.   CONCLUSION

Plaintiffs respectfully request that the Court grant final approval, make awards for attorneys' fees, litigation expenses, and class representative service awards, enter judgment, and direct the parties and the Settlement Administrator to proceed to the distribution phase of the settlement. A proposed Final Approval Order and Judgment is lodged herewith.

DATED: February 5, 2026

ALTSHULER BERZON LLP
DOSTART HANNINK LLP

_____
MICHAEL RUBIN
Attorneys for Plaintiffs

1037934

6

MOTION FOR FINAL APPROVAL OF SETTLEMENT                                       Case No. 3:21-cv-01429-JD